TIMOTHY J. HUBBARD *v*. IRA S. TOWN.

*Presumption. Grant. Ancient Lights.*

Long continued use of light for the windows of one's building, standing on or near the line of his land, raises no presumption of a grant of the right to such use from the owner of the adjoining land; and the former can main-

Hubbard *v.* Town.

tain no action against the latter for the obstruction of such light by an erection upon his own premises.

The English doctrine of ancient lights discussed and denied.

*It seems* that one, who has conveyed to another a building with the privileges, etc., has no right to make an erection on his own land which will shut out the light from the windows of the building so conveyed. PIERPOINT, J.

CASE for obstructing the light from certain windows in the plaintiff's premises on State street in Montpelier. Plea, not guilty, and trial by jury, at the March Term, 1860,—BARRETT, J., presiding.

It appeared that the plaintiff had owned the premises described in the declaration for more than twenty-five years, and that the building thereon was rented to a tenant as a merchant-tailor's shop and store; and that the west wall of the building was on the west line of the plaintiff's lot; that during the whole of that period there had been two windows in the building on the west side; that these two windows had been in constant use during that period, and that they were indispensable in the use of a portion of the building; that the defendant had owned the lot immediately west of the plaintiff's building as long as the plaintiff had owned the premises described in the declaration; that previous to 1859 the building on the defendant's lot, the east line of which was on the east line of his lot, had not extended as far back as the windows on the west side of the plaintiff's building; and that in that year the defendant enlarged his building by extending it in the rear, and in so doing built the east wall of such extension directly upon the east line of his lot and against the two windows in the plaintiff's building above described, and entirely shut out the light therefrom, and thereby made the plaintiff's building less valuable for renting and for general use.

Upon these facts the county court held *pro forma* that the plaintiff was not entitled to recover, to which the plaintiff excepted.

*Peck & Colby*, for the plaintiff, cited *Lewis* v. *Price*, 2 Williams Saunders 175 *a*, 175 *b*, note 2; *Cross* v. *Lewis*, 2 Barn. & Cress. 686; 1 Mood & Malk. (22 Eng. Com. Law) 400; *Moon* v.

*Rawson*, 3 Barn. & Cress. 332 ; Phillips on Evidence, (Cowen & Hill's notes) part 1, page 371, note 314 ; 2 Greenleaf's Ev. 447 ; 1 Green. (N. J.) Chancery 57.

*T. P. Redfield* and *Heaton & Reed*, for the defendant, cited 3 Kent 445 ; *Parker* v. *Foote*, 19 Wend. 309 ; *Myers* v. *Gemmel*, 10 Barb. 537 ; *Pierce* v. *Fernald*, 26 Maine 436 ; *Napier* v. *Bulwinkle*, 5 Richardson (So. Car.) 312 ; 23 Am. Jurist 46–64 ; *Cherry* v *Stien*, 11 Maryland 23 ; *Atkins* v. *Chilson*, 7 Met. 403 ; *Ingraham* v. *Hutchinson*, 2 Conn. 597 ; *Hay* v. *Sterrett*, 2 Watts 331 ; 1 Greenl. Ev. 20 ; *Nelson* v. *Butterfield*, 21 Maine 234.

PIERPOINT, J.   This action is brought to recover the damage claimed to have been sustained by the plaintiff in consequence of the defendant's obstructing his lights.

It appears from the case that the building which has been owned and occupied by the plaintiff and his tenants for more than twenty-five years prior to the acts complained of, stands upon the line between his premises and the premises of the defendant, and that the defendant has owned and occupied his premises during the aforesaid period ; that the windows in the plaintiff's building opened out toward the premises of the defendant, admitting light from that direction, and that they have so remained without obstruction, and without question on the part of the defendant for the period of twenty-five years or more ; that in 1859 the defendant erected a building on his own premises immediately adjoining that of the plaintiff, so as to exclude the light from two of the plaintiff's windows.

The only question involved in this case is, whether the plaintiff by such long and uninterrupted use of his windows, and the light passing through them, has thereby acquired the right so to continue his windows and thus to have the light pass through them, so that any act of the defendant which shall materially obstruct such light, will make him a wrong doer, and liable for any damage to the defendant that may ensue therefrom.

The rule seems now, to be well settled in England, that such long and uninterrupted use of light, gives the right to continue its use, and to insist upon its remaining unobstructed by the

adjoining proprietor for all time. The courts place this upon the same grounds as rights of way, and other rights acquired in and over the premises of another by long and undisturbed use; presuming from the long exercise of the privilege by the one and an acquiescence therein by the other, that the right had its origin in a grant.

While the *general* doctrine has been universally adopted in this country, its application to cases of this kind has not been generally recognized, and in many of the States has been expressly denied.

Our statute of limitations cannot be brought in aid of the plaintiff's claim. The statute in terms only deprives the aggrieved party of the right of action after the limited period from the time the cause of action accrues, and although our courts have held that the exercise of the right by one party, and an acquiescence therein by the other, for such period, vests in the party so exercising it an absolute right, still in determining the question whether such right has in fact become an absolute one, the time that the one has so exercised it, is to be computed from the period when a cause of action therefor first accrued to the other, which he has omitted to enforce; so that no right can be lost or acquired by virtue of the statute, where there has been no act done by the one, for which the law gives a remedy by action to the other; and it is conceded in this case that the defendant had no right of action against the plaintiff for any act of his, in erecting his building and opening and continuing his windows, on the side adjoining to, and overlooking the defendant's premises.

This reason would seem to apply with equal force, against the plaintiff's right to recover on the ground that a grant will be presumed from lapse of time to sustain his claim.

The principle upon which a grant is presumed is that in no other way can the acts of the parties be rationally accounted for. Such presumption is required to account for the exercise of the right by the one, and the acquiescence therein by the other, for so long a period.

The right must be exercised adversely or under a *claim* of a *right* so to exercise it, by the one, and it must be acquiesced in by the other.

This of itself presupposes that the exercise of the right by the

Hubbard *v.* Town.

one, without a grant, is a violation of some right of the other ; otherwise it could not be adverse, within the meaning of the rule ; neither could the other acquiesce, for that presupposes a legal right to object and resist.

If then there is no violation of the rights of another, no presumption of a grant by such other arises ; there is no occasion for it. There is no right exercised or claimed by the one, that belongs to the other, or which he could grant, if he should attempt it.

How then can this doctrine of presumption apply to a case like the present ? The erection of the building by the plaintiff on the line between him and the defendant was no violation of any right of the defendant ; he could not complain of, or prevent it, and his assent or dissent could in no manner affect the transaction. The legal right to do the act was perfect in the plaintiff. His right to erect his building on the division line is not controverted, the wisdom of the act is more questionable. He might have made his walls solid, thus entirely excluding the light from that direction ; he chose to leave apertures therein, thereby allowing the light to remain unaffected to that extent ; but how can it be said that by excluding the greater part, he acquires any better right to the remainder, than he would have had to the whole, if he had not excluded any ? He has not done any act which has had any effect to control or influence the light, except to exclude it. He did not draw or cause the light to pass in upon his premises in any other than its natural manner ; it remained upon and over the defendant's premises as it had always been. As there was no interference with the rights of the defendant, it is difficult to see upon what the presumption of a grant can be based. Lapse of time and the presumption arising therefrom are resorted to, only to justify in one, that which would otherwise be a usurpation of the *rights* of another.

If a man can acquire, by use, a right to an uninterrupted enjoyment of light under circumstances like the present, why not acquire a right to a like enjoyment of the prospect from the same windows, or to a free access of the air to the outside of his building to prevent decay, and many other rights of a similar and no more ethereal character ? The result of which would be,

if allowed, an utter destruction of the value of the adjoining land for building purposes.

Windows are often of more importance for the prospect they afford, than for the light they admit. The light may be obtained from other directions, the prospect cannot. A pleasant prospect from the windows of a dwelling, always contributes more or less to the enjoyment of the occupants, and often enters largely into its pecuniary estimate. But to admit that a mere enjoyment of such prospect for fifteen years, gives him the right to insist that it shall remain uninterrupted for all future time, would be to recognize a principle at variance with well established rules, and one that could not be tolerated in this country.

No such right can be acquired by use for the same reason that its exercise by one is no infringement of the rights of another, for which the law gives an action. LeBlanc, J., in *Chandler* v. *Thompson*, 3 Camp. 82, says "that although an action for opening a window to disturb the plaintiff's privacy, was to be read of in the books, he had never known such an action to be maintained, and that he had heard it laid down by Eyre, Ch. J., that such an action did not lie.

We think the English courts, in applying the doctrine of the presumption of grants from long use and acquiescence to this class of cases, clearly departed from the ancient common law rule as laid down in *Berry* v. *Pope*, Cro. Eliz. 118, and the error as it seems to us, consists in placing cases like the present upon the same footing and making them subject to the same rules that govern another class of cases, to which they really have no analogy. In *Lewis* v. *Price*, Wilmot, J., said "that when a house had been built forty years and has had lights at the end of it, if the owner of the adjoining ground builds against them so as to obstruct them. an action lies; and this is founded on the same reason as where they have been immemorial, for this is long enough to induce a presumption that there was originally some agreement between the parties, and that twenty years was sufficient to give a man a title in ejectment on which he may recover the house itself. and he saw no reason why it should not be sufficient to entitle him to an easement belonging to the house." As we have already seen, no presumption of an agreement arises, as

none was necessary to justify the act. The man who occupies his own house for twenty years has no better title to it at the end of that time, than he had in the outset. Does he acquire any greater right to the light by the occupation than to the house? Clearly not ; having usurped no right he can acquire none by lapse of time. The error in the reasoning is, in saying that because the man who takes possession of his neighbor's house and holds it adversely for twenty years (his neighbor acquiescing therein,) acquires a title to it, therefore the man who opens windows in his own house that in no way interferes with the rights of his neighbor, and of which such neighbor has no legal right to complain, and keeps them open for twenty years, thereby acquires a right to insist that no act shall be done by his neighbor on his own land, that in any respect interferes with, or obstructs the light to those windows. In the one case there is an infringement of the rights of another for which the law gives a remedy by action ; in the other there is not. This constitutes a radical difference between the two cases, and that too in respect to the very point upon which the whole doctrine of presumption in cases like those under consideration depends.

It might be urged with much force that a man who conveys a house with the privileges, etc., would not have a right to make an erection on his own land adjoining, that would shut out the light from the windows in the house so conveyed, and it may be said that he who has occupied another's house for such a length of time and under such circumstances that a grant will be presumed, stands upon the same footing as an ordinary grantee. However that may be, this case involves no such question. In those cases the question turns upon the fact that the title to the premises was derived by deed actual or presumed, from the party who seeks to deprive his grantee of the enjoyment of the right he has conveyed. The right does not depend upon the lapse of time, but is as perfect in the grantee the moment the deed is executed as it can ever be. Here the title to the premises of the plaintiff was never in the defendant, but has been in the plaintiff through the whole period.

This question was fully considered in New York in the case of *Packer* v. *Foote*, 19 Wendell. BRONSON, J., says : " Upon

what principle courts in England have applied the same rule of presumption to two classes of cases so essentially different in character, I have been unable to discover. If one commit a daily trespass on the land of another under a claim of right to pass over, or feed his cattle upon it, or divert the water from his mill, or throw it back upon upon his land or machinery, in these and the like cases, long continued acquiescence affords strong presumption of right. But in the case of lights there is no adverse user, nor indeed any use whatever of another's property, and no foundation is laid for indulging any presumption against the rightful owner." And again he says: "There is no principle I think, upon which the modern English doctrine of ancient lights can be supported."

The same doctrine was held in *Pierce* v. *Fernald*, 26 Maine, 436, and in *Napier* v. *Bulwinkle*, 5 Richardson, (S. C.) 312, in both of which cases the subject was fully discussed.

We see no reasons growing out of the nature or necessities of this class of cases, that require us to extend the doctrine of the presumption of grants to them, but on the other hand, the establishment of a rule that would require a man to erect a building or wall, that he did not need, on his own premises, for the sole purpose of excluding the light from his neighbor's windows, would lead to continual strife and bitterness of feeling between neighbors, and result in great mischief.

The judgment of the county court is affirmed.