JEROME D. KENNEDY *v*. RUTLAND AERIE No. 1001 FRATERNAL
ORDER OF EAGLES.

January Term, 1941.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and
JEFFORDS, JJ.

Opinion filed February 11, 1941.

*Jack Crowley, Angelo J. Spero* and *Thomas J. McMahon,
Jr.,* for defendant.

*Goddard & Kennedy* for plaintiff.

BUTTLES, J.: The plaintiff and defendant are owners of ad-
joining parcels of land situated on the west side of Wales Street
in the City of Rutland. The plaintiff's land lies south of de-
fendant's land and upon both parcels on March 3, 1939 there
were wooden buildings. Commencing on or about that date the
defendant tore down all of its building except the foundation
wall on the south side. This action in tort was brought to recover

damages alleged to have resulted from the removal of the defendant's building, and especially the south wall thereof above the foundation, because of a claimed right of support or protection therefrom for plaintiff's building.

Trial was by court, findings of fact were made and filed, judgment was rendered for the plaintiff, and the case comes here on the defendant's exceptions.

The defendant has briefed an exception to the court's finding that both buildings were attached to each other at the front and rear ends as not being warranted by the evidence. This finding is not strictly accurate as to attachment at the front end. There was evidence that the front or east end of plaintiff's building projected a little farther east than defendant's building, that the north side of this short projection was clapboarded and that these clapboards "butted against," and the cornice above the clapboards touched defendant's building, but there was no evidence of any attachment of one building to the other at that end. However this inaccuracy was immaterial since there was evidence that the roof of the plaintiff's building was attached to the south side of the defendant's building by means of metal flashing, and that the rear end of the plaintiff's building was connected with the defendant's building by means of tar paper.

The defendant saved an exception to the judgment which he has not briefed and which ordinarily we would not consider. But in argument defendant's attorney stated that he relied upon this exception on the ground that the judgment was not supported by the findings. In reply to an inquiry by the Court plaintiff's attorney stated that leave and opportunity to brief a reply to this exception were not desired. We regard this exception as fundamental to the defendant's rights and therefore relax the rigor of the usual rule and consider the exception, as we may do in order to prevent injustice being done. *Sheldon* v. *Little*, 111 Vt. 301, 15 Atl. 2d. 574, 576; *Dependents of Vlahos* v. *Rutland Restaurant*, 104 Vt. 188, 190, 157 Atl. 832.

It was found that both the plaintiff's and the defendant's buildings had been standing as they were at the time of the acts complained of for more than forty years prior thereto; that the defendant's building was erected before the plaintiff's building; that there was no foundation wall under the north side of the plaintiff's building which was supported by brick piers at the

front and center and by wooden supports at the rear, upon which the defendant's building did not in any way depend for support; that the foundation which was under the defendant's south wall is on its own land; that it did not support the north wall of the plaintiff's building but did protect the plaintiff's basement; that plaintiff's building was not completed on the north side and that the same was thereby exposed to the elements when the defendant's building was demolished; that a part of this north side above the sills had no wall outside of the studdings; that the plaintiff's building had been solely dependent for protection against the north side thereof by the foundation underneath the south wall of the defendant's building and the south wall itself for at least forty years prior to March 3, 1939; that the defendant's building was partly taken down before the plaintiff had any knowledge of what the defendant was doing; that in order to give the north wall of the plaintiff's building above the foundation the same protection that it had before the defendant's building was taken down it will be necessary to cover the studdings with board, paper and clapboards and paint, and that the reasonable cost for doing this work and for giving the plaintiff's wall the protection it had before the defendant's building was removed is found by the court to be $275.00; that it would cost $265.00 to erect a foundation wall under the north side of the plaintiff's building to give it the same protection that it had before the Long building, owned by the defendant, was taken down.

It is to be noted that judgment was for $540 which is the sum of the amounts stated in the two findings last referred to. It is a necessary inference from the facts found that the plaintiff's building stood entirely on his land and the defendant's building entirely on its land.

It is not found, and it cannot be inferred from the facts that are found, that the plaintiff had any right of support for his building of which he has been deprived by the acts of the defendant which are complained of. Nor is it found that the right of protection from the elements claimed by the plaintiff rests in grant, express or implied. If such right exists, therefore, it must be a right acquired by prescription, and unless such prescriptive right exists the findings do not warrant the judgment.

Our attention has not been called to any case and we

know of none·in which the existence of a right exactly of the nature of the one here claimed has been considered by this Court. But in *Hubbard* v. *Town*, 33 Vt. 295, the plaintiff claimed a right under the so-called ancient lights doctrine; that is he asserted that by long and uninterrupted use of his windows and the light passing through them from defendant's premises he had acquired a right to the continued enjoyment thereof with which the defendant could not lawfully interfere. The Court rejected the plaintiff's claim, basing its decision on grounds that are equally applicable to the present case. It is there said, in substance, that a grant of the claimed right to plaintiff is not to be presumed because of its exercise for the required period of time except when the right is so exercised for that length of time adversely or under a claim of right by plaintiff with acquiescence by the defendant. But unless the exercise of the claimed right by plaintiff is a violation of a right of the defendant for which he has a cause of action he cannot be said to acquiesce therein, nor can the plaintiff be said to exercise the right adversely. But the mere passage of light over the premises of the defendant to the windows of the plaintiff is not a violation of any right of the defendant for which he would have a cause of action, so that for however long a period such light might come to the plaintiff's windows he could acquire no prescriptive right thereto. It is further said that plaintiff's claim is not aided by the statute of limitations since the limitation would only run from the time that the defendant acquired a right of action against the plaintiff by reason of his exercise of the claimed right. See Goodard on Easements, Bennett's Ed., 206; 1 Am. Jur. 533, Sec. 49; *Pierre* v. *Fernald*, 26 Me. 436, 46 Am. Dec. 573.

■ In the present case it is apparent that the plaintiff violated no right of the defendant for which an action would lie by building on his own land in such close proximity to the defendant's building that his uncompleted north wall was protected from the elements thereby. The plaintiff could therefore acquire no easement in such protection by reason of its enjoyment for forty years or more, and the findings do not warrant the judgment.

*Judgment reversed and judgment for the defendant to recover its costs.*