CHAPMAN & WILSON vs. ELIJAH CLOUGH.

</div>

<div align="right">

CHITTENDEN,
January,
1834.

</div>

. Where a plaintiff has received a good note of a third person from his debtor as a pledge, or collateral security, of a greater amount than his own claim, he may still maintain an action on his own note without previously restoring the note received as collateral security.

This was an action upon a promissory note. Plea, general issue, and notice.

On this issue and notice, the defendant offered evidence to show, that after he executed the note in question, which was payable on demand, he had a note in his own name against one Jonathan and Amos Rollins, for about one hundred and fifty dollars, which he turned out to the plaintiffs, at their request, as a pledge or collateral security for the note in question.—That the signers of the one hundred and fifty dollar note were abundantly responsible for its payment, and that the plaintiffs commenced this action upon their note, and attached his property without restoring or offering to restore the note pledged as aforesaid. But the court decided that such evidence was inadmissible to show a suspension of the right of action in the plaintiffs, and that the plaintiffs had a right, by law, to commence this action upon the note of the defendant, without first restoring or offering to restore the pledge so by them taken.

The jury having found a verdict for the plaintiffs, the defendant made his exceptions, which were allowed and certified.

*Peck & Hyde for plaintiffs.*—The note of Jonathan and Amos Rollins was not delivered to the plaintiffs in payment of the note on which this suit is predicated. The case shows an express agreement to the contrary, and that it was delivered as a pledge or collateral security. Nor

CHITTENDEN, was it a transfer in the common course of business, which
January, may, under certain circumstances, operate as a payment
1834.
——————— *sub modo*, or as a temporary suspension of the right of ac-
Chapman & al. tion on the original contract, but was delivered as a pledge,
vs.
Clough. and consequently only a special property passed to Chap-
man & Wilson, and the general property remained in
Clough, and was redeemable by Clough, as a right of re-
demption is incident to the nature of a pledge. Nor had
Chapman & Wilson a right to dispose of the pledge, even
if there had been a time limited for the redemption of it.
Nor is it a *mortgage* or *conditional sale*, by which the legal
property passes, subject to a condition of defeasance, or
by which the general property is transferred, to become
absolute on a certain contingency.—*Cortelyou* vs. *Lansing*,
2 Cain. Cas. 200. It is simply a pledge or a "bailment
of goods by a debtor to his creditor, to be kept till the debt
be discharged;" (Jones on Bailment, 118,) and the point
is, whether the acceptance of a pledge by a creditor from
his debtor, suspends the legal remedy for the collection of
his debt. If this is the true definition of the contract ari-
sing from a pledge, the defendant cannot be entitled to the
pledge unless the commencement of the suit by attaching
property is a discharge of the debt. Besides, such a rule
would defeat the general object of a pledge; for two secu-
rities can be no better than one, if, before an attempt to
enforce the one, the other must be extinguished.

The authorities fully support the position that the accept-
ance of a pledge by the creditor from his debtor does not
suspend the legal remedy against the person of his debt-
or.—Anon 12 Mod. 564.—Holt. R. 461, per Holt C. J.,
*South Sea Company*, vs. *Duncomb*, 2 Strange, 919.—*Saw-
ton* vs. *Newland*, 2 Stark. R. 72.—Chit. on Con. 177.—
Story on Bailments, 211.

The only case we have seen tending to contradict this
doctrine, is that of *Cleverly* vs. *Brackett*, 8 Mass. 150; but
by attention to the facts in the case, we think the decision
does not contravene the grounds we take.

*Briggs & Sawyer for defendant.*—Defendant contends
that so long as plaintiffs held on to their pledge, their right
of action was suspended. It is an admitted principle in

CHITTENDEN,
January,
1834.

Chapman & al.
vs.
Clough.

this state, that a creditor cannot proceed against property and body at the same time. Such is the direction given to the officer, in all processes known to our statute. Nor can any distinction be stated, founded on reason or public policy, between the possession of property by the contract or consent of the creditor, and the attachment of property. It is sufficient for the creditor that he has it; and if he will enforce his debt against the body, the pledge must be given up. It will probably be found that the English law permits the creditor to retain the pledge and pursue the body; but an English court (certainly of chancery) would enjoin the creditor from proceeding, if it were made to appear that the pledge was sufficient to pay the debt, and order the pledge to be sold and applied : And why should this court turn the party round?

But, the law on this subject, here, results from our peculiar modes of process. In Massachusetts, where process issues in the first instance against debtors' property or body, the rule is the same that we contend for.—8 Mass. Rep. 150, *Cleverly vs. Brackett.*—5 Pick. Rep. 178, *Sweet* vs. *Brown.*—Story on Bail. 245.—13 Mass. 105, *Jarvis* vs. *Rogers.*

And the reason why mortgagor's notes are suable, is that he retains the possession of the property.—4 Kent's Com. 132.

The retention of the pledge then, does (and in this case justice requires it should) operate as a temporary bar.

The opinion of the court was pronounced by

MATTOCKS, J.—In this case, the only question is, whether the plaintiffs, who had received a good note as a pledge of their debtor, against a third person, of a greater amount than their debt, and sued the same, and attached personal property, have a right, pending such suit, to maintain a suit against their original debtor, or whether such pledge operates as a suspension of the right of action until the pledge is returned.

It is admitted by the counsel for the defendant, that at common law, the right of action would not be suspended. But they say the decisions are different in Massachusetts, and some cases have been cited from that state that seem to support the position, that where the pledge is of person-

CHITTENDEN,
January,
1834.

Chapman & al.
vs.
Clough.

al property, and sufficient to raise the money on sale, the plaintiff must return the pledge before he can sue and attach other property. But under these decisions, it would not follow that the pledging a note or other chose in action, would have the same effect. How can the money be directly raised on a note? May the pledgee sell it? Will it sell at par? And if not, who is to bear the loss? Is not the note pledged merely collateral or additional security? And why may not the creditor pursue either or both of his securities, until his debt is paid?

But suppose there is no difference between the pledge of a note and of goods, and suppose also the law to be settled in Massachusetts in favor of the defendant, still as the common law is clearly the other way, it must be only for very strong and sound reasons, that we should abandon the latter, and adopt the former. The reason offered is, that in New-England the creditor may attach property in the outset of his suit—whereas, in England, he can only seize it upon a *fi. fa.* after judgment; and therefore, it is said it would be giving the creditor too great a power over his debtor if he is permitted to hold the pledge, and sue his demand by attachment.

In theory, our mode of taking property before it is ascertained there is a debt, and sometimes when it turns out that there is in fact none, seems premature and oppressive to defendants; but as attachment is only to compel security for what may be due, and the defendant may replevy or receipt the property if he is responsible, and if he is not, the creditor is only just in time to secure his debt.

In practice it has been found to be of the utmost importance for the security of debts. And demands in general may be considered of less value against those who reside in a government where the laws will only permit a summons or even an arrest of the body, in the first instance, either of which is but too often treated by the debtor as notice to rid himself of his property before the execution comes. Indeed, for want of this preliminary security, where is the place out of New-England that a cunning and shuffling creditor can be compelled to pay? Although this provision is very salutary upon the whole, yet in some instances it is used oppressively against debtors; but not to

such an extent as would warrant this court in introducing the change contended for; and this upon the authority of the cases from one state only, as we do not learn that the courts of any other state in New-England, where the same reasons exist, have followed the decisions of Massachusett⁻

CHITTENDN, January, 1834.

Chapman & al. vs. Clough.

We think it is more safe to adhere to the common law.

The judgment of the county court is affirmed.