CALEDONIA,
*March,*
1838.

Drew
*v.*
Davis.

---

## JAMES BELL *v.* JOHN W. MASON.

CALEDONIA,
*March,*
1838.

Where there are several counts in a declaration before a justice, which may be for the same subject matter, the aggregate of all which exceeds one hundred dollars, yet if the *ad damnum* is but one hundred dollars, the justice has jurisdiction.

Where an attorney procures money to be advanced, by a third person, in the prosecution of an action, without attempting to pledge the credit of his client therefor, the attorney alone is responsible to such third person.

*Quære.*—Whether an attorney has *power*, to pledge the credit of his client in borrowing money to prosecute an action.

THIS was an action of assumpsit, commenced before a justice of the peace and appealed to the county court, and was referred, by agreement of parties, at the December term, 1836. No report was made at the June term, 1837, but the case was continued, and it did not appear, by any entry on the docket of the county court, that the rule of reference was enlarged at that term. At the December term, 1837, the referees reported as follows ;—to wit,

"That, in 1830, Geo. M. Mason was the owner of, and " attorney in, a certain suit then pending in Orleans county " court, in favor of Cook and Smith against John and William " Hayden, and at April term of said court, 1830, and before " the money was advanced, as hereinafter mentioned, assign- " ed all the benefit to result from said suit, to the said John

" W. he, the said Geo. M. still continuing to be the prose-
" cuting attorney in said suit, and, after said assignment,
" prosecuting for the benefit of said John W. Mason ;—That,
" at said April Term, 1830, and after the assignment as
" aforesaid, it became absolutely necessary, under an order of
" said court, for the plaintiff in said suit to advance the sum
" of eight dollars, to obtain a short delay of the trial thereof,
" and that, without such delay, said suit would probably have
" been lost ;—that said George M. Mason, then attorney as
" aforesaid, and being poor and unable to pay the same, re-
" quested the said James Bell to make said advance, which
" he did, whereby the delay was obtained, and the suit final-
" ly tried at said term and decided in favor of the plaintiff ;—
" that the said George M. Mason, at said term, drew an order
" on one Charles Edmonds to pay said Bell said eight dol-
" lars, which order the said Edmonds would not pay, nor
" was he bound to pay the same, which the said G. M. Ma-
" son well knew when he drew it.

" That the said Cook and Smith recovered of the said Hay-
" dens the sum of $130, of which the said John W.
" Mason collected $100, and no more ; that the action against
" the Haydens was an action of ejectment, and the said
" Mason's interest was in nothing but the bill of cost, and
" that he was to pay the cost if the defendants recovered.

The referees found for the plaintiff, and stated, in their re-
port, that they intended to be governed by the principles of
the common law.

The report was accepted by the county court, and judg-
ment entered thereon for the plaintiff.

There was also a motion to dismiss, in the county court,
on the ground that the sums claimed in the several counts
in the plaintiff's declaration, amounted to more than $100,
there being one count claiming $60 for professional services,
one, claiming $12 for the use and occupation of land,
one, claiming $20 for money had and received and one,
claiming $20 for money paid. The *ad damnum* was laid
at $100.

The county court decided that the defendant take nothing
by his motion. To the several decisions of the county
court the defendant excepted.

The opinion of the Court was delivered by

COLLAMER, J.—The *ad damnum* usually determines the jurisdiction, unless from the declaration it is certain that the matter in demand exceeds the jurisdiction. In this case there are several counts, which may be for the same subject matter and, from the *ad damnum* being but one hundred dollars, they must have been intended for the same thing. The justice, therefore, had jurisdiction. This same point was so decided in *Richardson* v. *Denison*, 1 Aik. R. 210.

This case was referred, by rule of court, December Term, 1836. What was done at June Term, 1837, does not appear. The report was made and accepted Dec. Term, 1837. It is now objected, that the reference expired at June Term. This court cannot find error unless it appears. We must presume that all is right until the contrary appears. We must, therefore, presume that, at June Term, the cause was continued and the rule enlarged, by the consent of the parties.

It is not necessary in this case, to decide whether an attorney, in all cases or in any possible case, without express authority, can borrow money to prosecute an action, and pledge the credit of the client, and render him responsible. This may be much doubted. If, however, this be true, it is most clear, that if he has such *power*, he must exercise it in order to bind the client. This case is entirely destitute of such a fact. It does not appear that George M. Mason, the attorney, borrowed this money of the plaintiff, on the credit of the defendant, or that the plaintiff lent it on the credit of the defendant, or even that the plaintiff knew that the defendant had any interest in the case. The attorney had a lien on the bill of cost, for any necessary advancements by him made, and the case shows clearly that the plaintiff advanced the money on the credit of the attorney, and at his request, and took from him the order therefor on Edmonds. The plaintiff could undoubtely have recovered this sum of George M. Mason. It was *his* debt, and of *him* alone must the plaintiff recover. There is no *privity* between these parties.

Judgment reversed.

WILLIAMS, C. J., dissenting.

*J. R. Skinner* and *L. B. Peck*, for defendant.

*Plaintiff, pro se.*