FREDERIC H. VANDERBURG AND JOHN CAMPBELL *v.* MARY E. CLARK.

Where the plaintiff, in a suit commenced originally before the county court, is a resident without this state, and the defendant is described in the writ as being a resident of the county in which the writ is made returnable, and the defendant pleads in abatement, that he is not a resident of that county, he must allege his residence to be in some other county within this state, and must prove his allegation substantially as laid.

In this case, which was an action upon book account, the plaintiffs were residents of the state of New York.   The writ was made returnable before the county court for the county of Rutland, and the defendant was described as being

a resident of Rutland in that county. The defendant pleaded in abatement, that she was not a resident within the county of Rutland, but was a resident of Woodstock in the county of Windsor. The plaintiffs replied, that the defendant was not a resident of Woodstock, but was a resident of Rutland, and issue was joined. The county court, upon this issue, found the fact, that the defendant was not a resident of Rutland, but did not find, where she did reside, but rendered judgment for the defendant, that the writ abate. *Held*, that the defendant had not proved the substantial allegations in the plea, and that the county court should have found the issue for the plaintiffs, and have rendered a judgment in chief, that the defendant account;—and the supreme court reversed the judgment of the county court, and rendered judgment, that the defendant account, and appointed an auditor.

When an issue of fact upon a plea in abatement, in an action of book account, is tried by the county court, and the facts are found and placed upon the record, it is competent for the supreme court to revise the decision of the county court upon the effect of such facts, and to enter up such a judgment, as the county court should have rendered.

Book Account. The plaintiffs were described as residents of the city, county and state of New York, and the defendant as a resident of Rutland, in the county of Rutland. The writ was made returnable to the county court, and was dated March 7, 1848. The defendant pleaded in abatement, that at the commencement of the suit she did not reside in the county of Rutland, but did reside in Woodstock, in the county of Windsor, and that the plaintiffs did not reside in the county of Rutland, but did reside in the state of New York. The plaintiffs replied, that the defendant, at the commencement of the suit, did not reside in Woodstock, but did reside in the county of Rutland; and upon this replication issue was joined. Trial by the court, April Term, 1849,—HALL, J., presiding.

The court certified upon the bill of exceptions, that they found that the plaintiffs resided without this state, and that the defendant had formerly resided in the county of Rutland, but, previous to the commencement of this suit, had abandoned her residence there, without any intention of returning to the county to reside; but that they did not find, where her actual residence was, but only that it was not in the county of Rutland.

Judgment was rendered for the defendant, that the writ abate. Exceptions by plaintiffs.

Vanderburg et al. *v.* Clark.

*M. G. Everts* for plaintiffs.

*Thrall & Smith* for defendant.

The opinion of the court was delivered by

REDFIELD, J. This case was an issue of fact upon a plea in abatement, joined to the court, wherein they found certain facts, and thereupon decided the issue in favor of the defendant. The question to be determined in this court is, whether, from the facts found by the county court and placed upon the record, they should have decided the issue for the one party, or the other. There seems to be no more difficulty in revising the decision of the county court upon an issue of this kind, than in a case where the facts are agreed, or where the issue is tried by a jury and they find a special verdict. In all such cases, if the county court decide, that the finding determines the issue for either party, it is competent for this court to revise their judgment, and to enter up such a judgment, as the county court should have rendered upon the facts.

In this case the plaintiffs reside out of the state, and the defendant is described in the writ as residing in this county and this town. The defendant pleads in abatement, that she does not reside here, but in Woodstock in the county of Windsor. The plaintiffs take issue by saying, that the defendant does not reside in Woodstock, but in Rutland; so that the defendant's plea seems to be fully traversed; and it is therefore incumbent upon her to prove all of it, which is material. Upon the trial the court found, that the defendant did not reside in Rutland, but did not find, where she did reside. The defendant therefore failed to show, that she resided in Woodstock, or any where else in the state. Was this material to be alleged in the plea ? or, if alleged, to be proved ?

The statute is express, that " if neither party resides in this state, the suit may be brought in any county in the state." Hence, in order to *oust* the jurisdiction of the county court in this county, it was necessary for the defendant to allege a residence in some other county, and of course to prove it, and to prove it substantially as laid,—which the defendant failing to do, the county court should have adjudged the issue for the plaintiffs, the result of which would have been a judgment in chief, that the defendant ac-

count. And as the statute requires this court to render such judg-
ment, as the county court should have done, that judgment will be
entered up here,—as was done in the case of *Peach* v. *Mills*, 13 Vt.
501. See, also, *Bell* v. *Mason*, 10 Vt. 509, where judgment on a
report of referees was reversed, and judgment for the other party
entered up. The same is every day's practice upon special verdicts.

Judgment of county court reversed; and, upon the facts found
by the county court and placed upon the record, this court adjudge,
that the defendant do account. Auditor to be appointed in this
court.

NOTE BY REDFIELD, J. It is not uncommon for the supreme court to send
a case, *tried by the county court*, for a new trial. But this, it is believed, should
be confined to that class of cases, where there was some *error in the trial*, or
else where the *facts* are not placed upon the record by the county court. If
there be no error in the trial, and the facts found are detailed at length upon the
record, we can perceive no difference, in regard to the propriety of this court
rendering final judgment, between that case, and a trustee case, where the facts
are found by the court, or a case stated, or an auditor's report, or a special ver-
dict, or a report of referees ;—in all which cases it is the constant practice of
this court to enter up final judgment.