ARNOLD W. TAYLOR *vs.* BENJAMIN H. CHEEVER.

One who has signed a note at the request of another, and received shares in a corporation as security, may bring an action on an agreement of the person at whose request the note is signed "to pay said note and receive said shares in case the payee fail so to do," without offering to transfer the shares to that person.

ASSUMPSIT on the following instrument: " Boston, January 8th 1848. Whereas Mr. Arnold W. Taylor has signed a note

for five hundred dollars, payable to Davis W. Russell, and has received five shares in trust of the St. Croix Falls Co. as security, now therefore I hereby agree to pay said note and receive said shares in case said Davis W. Russell fail so to do in twelve months from date. Said shares being in the name of R. Rantoul, Jr. B. H. Cheever."

The case was referred, by rule of court; and the referee made an award in favor of the plaintiff, subject to the opinion of the court upon these facts: The instrument declared upon was executed by the defendant; the note therein mentioned was signed by the plaintiff, at the defendant's request; and, as part of the same transaction, the defendant signed an order, bearing the same date, addressed to Rantoul, and thus expressed : " Please transfer to Mr. Arnold W. Taylor five shares in the St. Croix Falls Co., value received." And Rantoul, on the 13th of January, accepted this order thus : " These shares I am to hold as trustee for D. W. Russell's account, instead of said Taylor, and this order is so far accepted; said Taylor declining to hold the same." The plaintiff never transferred nor offered to transfer the shares to the defendant.

*E. Blake*, for the plaintiff.

*W. Whiting & W. G. Russell*, for the defendant. The shares were transferred as security for the plaintiff, and with the same effect as if they had been transferred directly to him. The fair construction of the defendant's agreement " to pay said note and receive said shares " is to pay the note upon receiving the shares ; the receipt of the shares is a condition precedent to the payment of the note. Or, as it may be otherwise stated, the plaintiff, by receiving the defendant's obligation, impliedly promised to transfer the shares to the defendant upon payment of the note. The two acts are to be contemporaneous ; and one is the consideration for the other. The plaintiff could not insist on payment of the note, without offering to transfer the shares ; nor could the defendant claim a transfer of the shares, without offering to pay the note. *Dana* v. *King*, 2 Pick. 155, and cases cited. *Kane* v. *Hood*, 14 Pick. 281.

METCALF, J. There can be no doubt of the correctness of

the referee's decision.    Looking only at the terms of the defend-
ant's agreement, and taking for granted that the recital therein,
as to the plaintiff's having received the shares as security, was
true, or that the plaintiff is estopped to deny its truth, nothing
can be more clear than that the promise to pay the note was
not on condition that the plaintiff should transfer to him those
shares.    The holder of collateral security is not required to give
it up before he can maintain an action on his principal claim,
unless he has stipulated so to do.    And the plaintiff has not
made any such stipulation, express or implied.    The only con-
dition precedent to the plaintiff's right to call on the defendant,
upon his agreement, was the failure of Russell to pay the note
at maturity.    On Russell's failure to pay it, the plaintiff's right
of action accrued.

The decision in *Cleverly* v. *Brackett*, 8 Mass. 150, that a
creditor, to whom his debtor has pledged a chattel as security
for a debt, cannot, in a suit for the debt, attach other property
of the debtor without first returning the pledge, is contrary to
all the authorities before and since, and is not to be regarded
as law.*

On the foregoing view of this case, which is the most favor-
able that can be taken for the defendant, the plaintiff is entitled
to judgment on the award, without resorting to the fact, that
he never received a transfer of the shares.

*Judgment on the award.*

---

* *South Sea Co.* v. *Duncomb*, 2 Stra. 919, and 2 Barnard. 51.  *Anon.* 12 Mod.
564, and Cas. temp. Holt, 461.  *Lawton* v. *Newland*, 2 Stark. R. 72.  *Emes* v.
*Widdowson*, 4 Car. & P. 151.   *Cornwall* v. *Gould*, 4 Pick. 448.   *Morse* v.
*Woods*, 5 N. H. 300.   *Wilson* v. *Clough*, 6 Verm. 123.   *Trotter* v. *Crockett*,
2 Porter, 401.  *Kemmil* v. *Wilson*, 4 Wash. C. C. 308.   Edwards on Bailments,
234  235.