Town of Jericho v. Town of Underhill.

*berlin*, 2 N. H. 440; *Johnson v. Turner*, 7 Ohio 216; *Morrill v. Morrill*, 53 Vt. 74.

## TOWN OF JERICHO v. TOWN OF UNDERHILL.

*Jurisdiction. Interest of justice. Judgment upon plea in abatement.*

1. The plaintiff, defendant and three other towns unite in the common maintenance of a poor farm upon which the paupers of the several towns are supported. The terms of the association provide that in case of a deficit, it shall be borne by the several towns in proportion to the number of weeks during which their paupers have been supported. *Held*, that a third town had no interest in the event of a suit brought by the plaintiff to recover of the defendant the amount of an assessment paid to the association by the plaintiff for the support, upon this farm, of a pauper legally chargeable to the defendant.

2. Where an issue of fact raised by a plea in abatement is found in favor of the plaintiff, judgment in chief should follow; and the Supreme Court, upon sustaining the exceptions of the plaintiff, will give such judgment as the County Court should have given and remand the cause for the assessment of damages,

This was an action under the statute to recover the expense of supporting a transient pauper chargeable to the defendant. The defendant filed a plea in abatement, which the plaintiff trav-

ersed. Heard upon this issue at the April term, 1891, Thompson, J., presiding. Upon the facts found by the court, the court gave judgment, *pro forma*, sustaining the plea and dismissing the suit. The plaintiff excepts.

It appeared that the plaintiff, defendant and three other towns formed an association for the purpose of supporting their poor upon a common poor farm, under conditions which are fully set forth in the opinion. In case the expenses of this farm exceeded the receipts, the several towns were to bear this deficit in proportion to the number of weeks that their paupers had been maintained upon the farm, that is, each town was to pay so much a week for each pauper which it had there.

The plaintiff's declaration alleged that the pauper in question was a transient legally chargeable to the defendant, in whose support the plaintiff had incurred expense which the defendant was liable to repay.

The plea of the defendant in abatement set forth that the expense incurred by the plaintiff was by way of payment to the association for the support of the pauper upon the common farm; that the town of Essex was one of the members of this association, and so interested in the event of this suit; and that the justice of the peace before whom the suit was brought was a resident and tax-payer in Essex and hence disqualified. These facts were found by the court substantially as laid in the plea.

*M. H. Alexander* and *Seneca Haselton*, for the plaintiff.

The town of Essex had no such direct financial interest as would disqualify the justice. *Gray* v. *Middletown*, 56 Vt. 53 and cases there cited ; *Fletcher* v. *Rd. Co.*, 74 Me. 434 ; *Comr. of Cleremont Co.* v. *Lytle*, 3 Ohio 290 ; *M. E. Church* v. *Wood*, 5 Ohio 283 ; G. S. Chap. 31, s. 22.

*J. J. Monahan* and *V. A. Bullard*, for the defendant.

These towns were partners as to the support of the pauper for which a recovery is sought, and hence the town of Essex is

interested in the suit, and the justice disqualified. *Chandler* v. *Richer*, 49 Vt. 128, 130, 131 ; R. L. s. 692; *Waters* v. *Day*, 10 Vt. 489.

The opinion of the court was delivered by

ROWELL, J. Five towns, of which Jericho and Essex are two, associated under the name of the Union Poor Farm Association, for the support of their poor ; but whether they associated under the statute in such case made and provided does not appear, and is not material in the view we take of the case.

For the purposes of the association, the towns composing it have all along owned a farm and personal property as tenants in common, having an interest therein in unequal proportions, as specified in the constitution of the association, which provides that on disbandment and sale of the property, the proceeds shall be divided among the towns on the basis of their respective interests in the property. It also provides that if the expenses of running the association and supporting the poor are in excess of the receipts, the deficit shall be assessed upon and paid by the several towns annually in proportion to the number of weeks each town has had paupers supported by the association during the year ; and that any surplus above expenses shall be divided among the towns on the basis of the capital stock owned by each in the association. The by-laws provide for the keeping of fair books of entry of all receipts and disbursements of the association, and for a report thereof to the several towns on or before the first day of March in each year, together with the names and number of paupers kept by the association, the towns they were from, and the number of weeks each town had paupers supported during the year.

For the year covering the time laid in the declaration, there was a deficit of $614.05, which was apportioned among the towns on the basis of 88 6-10 cents per week for each pauper ; and after this suit was brought, but before it was tried before the justice,

Jericho paid the association at that rate per week for keeping this pauper.

If Essex is interested in the event of this suit, it is because of being a member of said association and not otherwise. The plea alleges that Essex is thus interested because this pauper, during the time in question, was supported at said farm at the joint expense of the towns to the extent of the receipts of the farm, which were $755.14 for the year ending Feb. 5, 1891. It is not being claimed that the pauper was supported at the joint expense of the towns as to the deficit of that year, the only question is whether it appears that she was so supported at their joint expense to the extent of the receipts and products of the farm, as alleged.

The case does not show any specific provision by the towns, nor any finding of fact by the court, as to how the matter of the expenditure and consumption of such receipts and products is to be adjusted among the towns, but the whole tenor of the record is, that it is to be adjusted on the basis of giving to each town the benefit of its full share of the property. This, being equality, would be equity; and in the absence of anything to show the contrary, and in view of what appears, this must be taken to be the way it is. Indeed there is nothing in the record that tends to support the allegation of the plea that this pauper was supported at the joint expense of the towns to the extent of the receipts of the farm. To say this, would be to suppose that the receipts and products are used indiscriminately for the support of paupers, with no accounting to be had among the towns in respect thereof, which is not probable.

Thus it appears that each town is to pay the association in full for keeping its paupers, and that no town is to be at any expense for keeping the paupers of another town. It follows, therefore, that the association, and consequently Essex, never had any interest in the event of this suit; not in a recovery, for a recovery would not affect their interests; not in a defeat, for if we were

---
Town of Jericho *v.* Town of Underhill.
---

to suppose a defeat to result in compelling Jericho further to support the pauper, it would make no difference to the association, for if it should again support the pauper for Jericho, the town would have to pay for it the same as before.

The result is, we hold that the justice was never interested in the event of this suit by reason of being a resident tax-payer of Essex.

As the facts found by the County Court and certified up determined for the plaintiff the issue joined on the plea in abatement, that court should have rendered judgment in chief for the plaintiff and assessed the damages. *Peach* v. *Mills*, 13 Vt. 501; *Vanderburg* v. *Clark*, 22 Vt. 185; *Good* v. *Lehan*, 8 Cush. 301; Gould's Pl. 300; 2 Greenl. Ev. s. 27; 3 Saund. 211, n. (3).

It is the duty of this court to render such judgment as the County Court should have rendered; therefore,

*Judgment reversed, judgment for the plaintiff, and cause remanded for the assessment of damages.*

Taft, J., being a taxpayer in Williston, did not sit.