# TOWN OF JERICHO v. TOWN OF UNDERHILL.

OCTOBER TERM, 1894.

*Judgment. When not conclusive in other suit.*

A judgment in chief for the plaintiff, following the finding of an issue of fact raised by the defendant's plea in abatement in favor of the plaintiff, is in the nature of a penalty upon the defendant, and does not conclusively establish a right of recovery upon the merits in another suit between the same parties.

Assumpsit for the support of a pauper. Plea, the general issue. Trial by jury at the April term, 1894, Chittenden county, ROWELL, J., presiding. Verdict and judgment for the plaintiff. The defendant excepts.

*J. J. Monahan, W. P. Dillingham,* and *S. C. Shurtleff* for the defendant.

The record of a former judgment is only conclusive as to the facts which were actually litigated in the former suit. *Outram* v. *Morewood,* 6 East 346; *Gardner* v. *Buchbee,* 3 Cow. 120; *Howlett* v. *Tarte,* 10 C. B., N. S., 813; *Boileau* v. *Ratlin,* 2 Exch. 665, 681; *Hughes* v. *Alexander,* 5 Duer 493; *Steam Packet Co.* v. *Sickles,* 24 How. 333; *Russell* v. *Place,* 4 Otto 606; *Cromwell* v. *County of Sac,* 4 Otto 351; *Aiken et al.* v. *Peck,* 22 Vt. 255; *Dunklee* v. *Goodenough,* 63 Vt. 459; *Town* v. *Lamphere,* 34 Vt. 365.

*Hard & Bliss* for the plaintiff.

The right of recovery in the plaintiff is *res judicata.* *Jericho* v. *Underhill*, 64 Vt. 362 ; *Underhill* v. *Jericho*, 66 Vt. 183 ; Gould, Pl., p. 152, ss. 167–169, 300 ; *Eichorn* v. *Le'Maître*, Wilson 367 ; *Tompson* v. *Collier*, Yelverton, 112 ; *M'Cartee* v. *Chambers*, 6 Wend. 649 ; *Peach* v. *Mills*, 13 Vt. 501 ; *Vanderburg* v. *Clark*, 22 Vt. 185 ; 1 Chitty, Pl., 481 ; *Bonner* v. *Hall*, 1 Ld. Ray. 339 ; *Crosse* v. *Bilson*, 2 Ld. Ray. 1016, 1022 ; *Boston Glass Manufactory* v. *Langdon*, 24 Pick. 49 ; *Plummer* v. *Dodge*, 3 N. H. 323.

TYLER, J.   Assumpsit to recover for the support of a pauper from February 7, 1891, to November 22, 1892.

A former suit had been brought before a justice of the peace to recover for the support of the same pauper for a period prior to that for which a recovery is sought in this action.   The defendant filed a dilatory plea averring that the justice, by reason of interest, was disqualified from trying the suit.   The justice decided that he was qualified, and rendered judgment for the plaintiff for its damages and costs. The defendant appealed, and the county court heard the cause upon the defendant's plea, the replication thereto traversing the plea and facts found upon the issue joined, and rendered judgment *pro forma*, dismissing the cause for want of jurisdiction in the justice.   The cause passed on exceptions to the supreme court, which reversed the judgment, rendered judgment for the plaintiff, and remanded the cause to the county court for the assessment of damages, holding that that court should have rendered judgment in chief for the plaintiff and assessed the damages.   64 Vt. 362.   After the return of the cause to the county court, pursuant to á stipulation of the parties, the judgment of the justice was affirmed.

To establish its right of recovery in this action the plaintiff introduced in evidence a certified copy of the record in the former suit.   The usual judgment was rendered therein

which, by the rules of pleading, follows the trial of an issue of fact upon a plea in abatement when the issue is determined in favor of the plaintiff.

"If it (the plea) be to the person, or action, or jurisdiction, and is found for the demandant or plaintiff, he shall recover the thing in demand." 1 Viner's Abr., tit. Abatement, L. b.

"It is well settled that if issue be taken upon a plea in abatement, and the jury find for the plaintiff, they must assess the damages in the same manner as when issue is found for the plaintiff upon a plea in bar." *Dodge* v. *Morse*, 3 N. H. 232 and cases cited.

Though a plea to the jurisdiction is not properly a plea in abatement, it is a dilatory plea, and the consequence of pleading it is the same as in a plea in abatement. 7 Bacon's Abr., tit. Pleas and Pleading, E, 2 ; Gould's Pl., chap. 5, pl. 2.

This rule, which is as ancient as the common law, is still maintained wherever the common law prevails. It was recognized in this court in the case above cited. A reason given for this peremptory judgment is, that the defendant choosing to put the whole weight of his cause on this issue when he might have had a plea in chief, it is an admission that he had no other defence. 1 Bacon's Abr., tit. Abatement, P. 1 Chitty on Pl., 458, gives as a reason that the plea is found to be untrue. Other writers say that the judgment is not peremptory on *demurrer*, because the party is not supposed to be conusant of the matter in law, while he is supposed to be conusant of the matter in fact by him pleaded. Viner, *supra*, note. In *Eichorn* v. *Le'Maitre*, 2 Wil. 367, it is said that "wherever a man pleads a fact that he knows to be false, and a verdict be against him, the judgment ought to be final, and every man must be presumed to know whether his plea be true or false ; but upon a demurrer to a plea in abatement there shall be a *respondeat*

*ouster*, because every man shall not be presumed to know the matter of law, which he leaves to the judgment of the court." Stephen on Pleading, 104.

The rule takes no cognizance of the fact that the defendant may have had, or in good faith believed he had good ground for his dilatory plea, and yet have been unable to maintain it. It does not leave the matter with the court to consider and decide whether the plea was filed for the purpose of delay, or in good faith, and then render final judgment against the defendant, or permit him to answer over, as it may do upon demurrer. The judgment is retributive, and damages are assessed without reference to the merits of the plaintiff's cause of action.

This severe rule doubtless had its origin in the fact that dilatory pleas were once used for the mere purpose of delay, and to such an extent that statutes 4 and 5 Ann, c. 16, were enacted, by which no such plea could be admitted without affidavit of its truth, or some probable matter shown to the court to induce it to believe it true. 3 Black. Com. 304.

But the penalty ought to be proportionate to the evil which it was designed to remedy. Formerly, in England, when the plaintiff failed to obtain judgment in a case tried upon its *merits*, upon a plea in *bar*, the defendant not only recovered his costs, but the plaintiff was amerced, fined, for prosecuting a false claim ; and when judgment was for the plaintiff, the defendant was likewise *in misericordia domini regis pro falso clamore*, and fined for his delay of justice. Stephen on Pl. 109. Under that rule failure of success by a party litigant amounted to a misdemeanor.

As the judgment upon a plea in abatement, when the issue of fact is decided for the plaintiff, is in chief against the defendant and in the nature of punishment for delay, its operation ought to be limited to the plaintiff's claim in that case.

In the present case the main questions, whether the pauper was chargeable upon Underhill and was transient in Jericho,

were not adjudicated or considered in the former suit, and yet it is contended that the judgment in that suit is conclusive of those facts. We think it cannot in justice be so held. The true rule is that laid down in *Russell* v. *Place*, 4 Otto, 606 :

"That a judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties; but to this operation of the judgment it must appear, either upon the face of the record, or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit."

To the same effect are other cases cited in the defendant's brief.

As the former case was not tried on its merits, the adjudication therein is not a bar to a recovery in the present one. In this view the other point made by the defendant becomes unimportant.

*Judgment reversed and cause remanded.*