## S. R. BORIGHT *v.* F. WILLIAMS.

October Term, 1913.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed November 8, 1913.

*Process—Defective Service—Mode of Objection—Plea in Abate-
ment—Judgment on Issue—Motion to Dismiss—Time of
Filing.*

A defendant seeking to take advantage of defective service of process
    may elect between a motion to dismiss for defects apparent of
    record and a plea in abatement for defects not so apparent, but
    he cannot do both.

Where plaintiff sought to give the court jurisdiction of a non-resident
    defendant by serving his alleged agent, defendant, by appearing
    specially and pleading in abatement that the person served was not
    his agent when served, not only elected his procedure but sub-
    mitted to the jurisdiction of the court so far as to enable it to
    try any issue joined on that plea, and so could not assert matters
    in abatement by subsequent motions.

Pleas in abatement and motions relying on matter of abatement are
    of the same nature and must be filed within the time allowed by
    the rules of court for filing dilatory pleas.

Where issue joined on a plea in abatement is found for plaintiff judg-
    ment in chief should be awarded him.

ASSUMPSIT for the price of three carloads of hay. The
defendant was a non-resident of this State at the time this
process was served. Service was made on an alleged agent of
the defendant, who appeared specially and pleaded in abatement
that when service was made the person served was not his agent,
and thereafter also moved to dismiss the writ for that reason,
and for lack of jurisdiction. The motion was overruled, to
which the defendant excepted. Issue joined on the plea in
abatement. Trial by jury at the March Term, 1913, Franklin
County, *Miles*, J., presiding. Verdict for the plaintiff, and judg-
ment thereon, the clerk to assess the damages. The defendant

excepted to submitting to the jury the issue joined on the plea in abatement, and to the rendition of judgment in chief for the plaintiff on the verdict, the court holding that it had no discretion to render any other judgment.

*Stephen S. Cushing* for the defendant.

*Sheldon R. Boright* and *Warren R. Austin* for the plaintiff.

POWERS, C. J. This is an action of assumpsit brought to recover the purchase price of three car loads of hay, alleged to have been sold by the plaintiff to the defendant. The defendant, appearing specially for that purpose, pleaded in abatement for lack of sufficient service. This was on July 30, 1912. The defendant was a non-resident, and alleged in his plea that Austin T. Booth, upon whom as his agent service had been made, was not his agent at the time, and issue was joined on this averment.

On March 31, 1913, the defendant moved to dismiss the writ for lack of sufficient service and for lack of jurisdiction. These motions were severally overruled and the defendant excepted.

Afterwards, a jury trial was had on the issue joined as above, and a verdict rendered for the plaintiff; thereby establishing the fact that the party served on was the defendant's agent. The court thereupon rendered judgment in chief for the plaintiff, and ordered an assessment of damages by the clerk. To the rendering of judgment in chief, the defendant excepted, but he found no fault with the order for an assessment.

That the court had jurisdiction of the process and the subject-matter, and that its jurisdiction over the defendant was alone in question, is quite apparent. The plaintiff admits that the defendant was a non-resident, and that the service of the writ was not in statutory form, and that the action would have been dismissed, if proper objection had been seasonably made; but he insists that the defendant, by his conduct, waived the right to file his motions.

At the outset the defendant had a choice between two methods of procedure. He could move to dismiss for apparent defects of service; or he could plead in abatement for defects not shown. He could not do both. To hold otherwise would be to allow the defendant, in effect, to file three pleas in abatement, which is not permissible. *Culver* v. *Balch*, 23 Vt. 618. To be

sure a motion to dismiss is not the same thing as a plea in abatement; but both of those here in question are predicated upon abatable matter, and are of the nature of pleas in abatement, *Noyes* v. *Hyde Park,* 73 Vt. 261, 50 Atl. 1068, and, so far as this rule is concerned, should stand like them.

Moreover, when he filed his plea, the defendant not only determined his procedure, but he submitted to the jurisdiction of the court so far as to enable it to try any issue properly joined thereon. With an issue of fact joined on the record at his own invitation, he could not assert other matters of abatement by his motions. Such procedure is inconsistent and unallowable. Whether or not the plea could have been recalled, we need not say; certainly, it could not without leave of court.

There is another reason why the exceptions to the court's action in overruling the motions are unavailing. The motions were out of time. They were dilatory objections and should have been asserted within the time allowed by the rules of court for filing dilatory pleas. They set up defects of service which the defendant could waive, and the plaintiff was entitled to have them overruled. *Wade* v. *Wade's Admr.,* 81 Vt. 275, 69 Atl. 826.

Nor was there error in the judgment rendered. When, under a plea in abatement, an issue of fact is found for the plaintiff, judgment in chief is awarded him. 1 Chit. Pl. 465; *Jericho* v. *Underhill,* 64 Vt. 362, 24 Atl. 251; *Jericho* v. *Underhill,* 67 Vt. 85, 30 Atl. 690, 48 Am. St. Rep. 804. The defendant, though a non-resident, assumed this hazard when he filed his plea.

*Judgment affirmed and cause remanded for the assessment of damages.*