JOHN WRIGHT *v.* PACIFIQUE GUILMETTE ET AL.

February Term, 1920.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed October 5, 1920.

*Pledged Property May Be Attached by Pledgee—Specific Money of Debtor in Hands of Third Person Attachable—Defendants Appearing Specially to Plead to the Jurisdiction May Resist Judgment on Overruling of the Plea—Effect of Answer in Nature of Plea to the Jurisdiction Same as Before Practice Act—Plaintiff Prevailing on Demurrer to Plea to the Jurisdiction not Entitled to Peremptory Judgment.*

1. Bank bills deposited by defendants in the hands of a third person as security for any judgment which the plaintiff might obtain against them, were rightfully attached in an action of tort brought by plaintiff against the defendants.

2. Specific money of a debtor in the hands of a third person may be attached; G. L. 1940 not making trustee process the only remedy when the property of the debtor in the hands of a third party is in the form of money not a credit.

3. The defendants, who appeared specially and filed an answer in the nature of a plea to the jurisdiction of the court, were, without entering a general appearance, entitled to resist plaintiff's motion for judgment, made by him after prevailing on the jurisdictional issue, and to object to the judgment rendered against them.

4. While the pleading challenging the jurisdiction of the court has been simplified by the Practice Act, the effect of such a pleading, including the consequences thereof, if overruled, remains as before.

5. It is only when an issue of fact is found for the plaintiff under a plea in abatement that judgment in chief is awarded him; so, where, on a hearing on an answer challenging the jurisdiction of the court and a replication admitting the answer's allegations of fact but denying its conclusions of law, the question was decided as upon a demurrer to the answer, the court, upon overruling defendants' answer, erred in rendering judgment in chief for the plaintiff.

ACTION OF TORT for trespass. The defendants appeared specially, and filed an answer in the nature of a plea to the jurisdiction, to which the plaintiff filed a replication joining issue. Heard by the Burlington City Court, *Jed P. Ladd*, Judge. Judgment overruling the defendants' answer, and judgment in chief for the plaintiff. The defendants excepted. The opinion states the case.

*Max L. Powell* for the defendants.

*Charles F. Black* for the plaintiff.

TAYLOR, J. The action is tort for trespass. The defendants are set up in the writ as residents of Canada. The process issued as a writ of attachment and was served by attaching as the property of the defendants certain Canadian and Mexican bank bills, particularly described in the officer's return, and by leaving proper copies with J. H. Allen at the place where the bills were attached for the defendants, for want of a known agent or attorney of the defendants within the State. The defendants appeared specially by attorney and filed an answer in the nature of a plea to the jurisdiction of the court. Therein it

is alleged in substance that the defendants are residents of Canada; that personal service of the process had never been made upon either of them; that they left in the hands of J. H. Allen, sheriff of Chittenden County, seventy dollars as security for any.judgment which the plaintiff might obtain against them and "hold said Allen's receipt for seventy dollars of pledge money as above stated"; that the receipt does not describe the bills or currency for which it was given, but is simply a receipt for seventy dollars; that the money in the hands of Sheriff Allen was a pledge for the benefit of the plaintiff and no other person; that as a pledge the money could only be attached by a third party as provided by Chapter 101 of the General Laws; that, inasmuch as the plaintiff had no right to attach the money, the attachment is void and the court without jurisdiction.

In his replication the plaintiff admits all the material allegations of fact, but denies the allegations that are conclusions of law, closing with a verification and a prayer that the plea be overruled, and that he have judgment in chief. It is stated in the bill of exceptions that the court ruled in favor of the plaintiff on the issue joined and allowed the defendants an exception. No findings of fact are referred to, and, so far as appears from the record, the issue as to jurisdiction presented by the answer was ruled against the defendants upon the pleadings, although it was stated in argument that on the hearing below there was a concession that the bills attached were the identical bills left by the defendants in the hands of Sheriff Allen. The proceedings were somewhat informal, but it would seem that the question was decided as upon a demurrer to the answer, there being no fact in dispute and no issue joined except as to a question of law.

[1] In support of their exception the defendants contend that the service was invalid as an abuse of process. It is claimed that Sheriff Allen was the agent of the plaintiff, and so his possession of the bank bills was that of the plaintiff. It is argued that the attachment of the money which was already in his hands as security subjected the defendants to useless costs to no advantage to the plaintiff, and consequently was an abuse of process. The claim rests upon the assumption that property pledged to secure a debt or obligation cannot be attached by the pledgee on a suit to enforce payment, but such is not the law. The general property in the thing pledged remains in the

pledgor, and only a special property vests in the pledgee. While the latter has the right to retain the pledged property until the debt for which it was pledged is fully satisfied, or has been otherwise discharged, he acquires no interest therein except as security for his debt. *Fletcher* v. *Howard*, 2 Aik. 115, 16 A. D. 686. The default of the pledgor to discharge his obligation in no way affects the pledgee's rights concerning the property pledged, except that he then becomes entitled to proceed to make the security available in the manner prescribed by law or by the terms of the contract. In the absence of any agreement as to the remedy to which the pledgee must resort, he may proceed personally against the pledgor to collect his debt without selling the pledge, or he may avail himself of the remedies the law gives him upon the pledge itself. *White River Savings Bank* v. *Capital Savings Bank*, 77 Vt. 123, 59 Atl. 197, 107 A. S. R. 754. He has the undoubted right to cause the property pledged to be attached as the property of the pledgor, though by so doing he may waive the lien of the pledge. Such is the conclusion to be drawn from our cases, though the point is not expressly decided. The right of action is not suspended, and may be enforced by attaching other property of the pledgor without surrendering the pledge or waiving the lien thereon. *Chapman* v. *Clough*, 6 Vt. 123; *Bank of Rutland* v. *Woodruff*, 34 Vt. 89; notes 70 A. D. 500, and 50 L. R. A. 719. No valid reason is suggested for making an exception of property under pledge. Manifestly, if an attachment is to be made, it would be to the pledgor's advantage that pledged property, rather than that not so incumbered, should be seized.

This being the rule in case of an ordinary pledge where the pledgee has possession and the principal obligation is fixed and certain, much more should it apply when the obligation is unliquidated and the pledgee is not in possession. In the case at bar the obligation for which the bank bills were pledged was contingent, and a prosecution of a suit to judgment was by the terms of the pledge essential to the enjoyment of any rights therein. The agreement by which the bills were deposited with Sheriff Allen contemplated the bringing of this suit. The law which the defendants invoke will not aid them in their attempt to obstruct its prosecution.

[2] It is further claimed that the attachment of the specific bills in the hands of Sheriff Allen was in any event invalid;

that garnishment is the only means of attaching money in the hands of a third person. It does not appear from the record that this claim was made below, but, waiving that objection, the claim cannot be sustained. The writ did not issue as ·trustee process, and could not, as it is a tort action. *Ferris* v. *Ferris,* 25 Vt. 100. It is said that the law allows money in the hands of a debtor to be attached if it can be done without an assault, but that money in the hands of a third party can only be reached by trustee process.. G. L. 1940, cited to this proposition, does not bear out the claim. The statute does not make the trustee process the only remedy when the property of the debtor in the hands of a third party is in the form of money not a credit. The defendants confuse the term ''money'' as applied to coins or paper currency with the ·term as used when referring to debts or credits. In the former sense money is attachable in the same manner as other tangible personal property. See *Lovejoy* v. *Lee,* 35 Vt. 430. The defendants' exception to the overruling of their answer is not sustained. So far as called in issue, the service of the writ was sufficient to bring the property attached within the custody and control of the law and subject it to the satisfaction of any judgment that might be obtained in the action. To that extent at least the court had jurisdiction. We are not at present concerned with the plaintiff's claim that the service was sufficient to ·make the judgment good as a personal judgment.

Upon the overruling of defendants' answer the plaintiff moved for judgment in chief, claiming that he was entitled to such a disposition of the case as on a plea in abatement. Without entering a general appearance, defendants' counsel was permitted to file what is denominated in the bill as ''a written exception.'' Therein the defendants ''except to the court's rendering judgment in chief without hearing on the merits on the ground that under the Practice Act there is no longer any plea in abatement, and the strict, vigorous rules applying to such pleas are therefore abrogated; and this court has no right to render judgment in chief without · a hearing on the merits.'' The ''exception'' was allowed, and the court rendered judgment in chief. Later, on hearing· duly held, the damages were assessed, a bill of exceptions was allowed, · execution stayed, and the cause passed to this Court. The defendant Guilmette was notified of the· hearing, but did not attend.

[3]　It is now claimed by the plaintiff that the defendants were not entitled under their special appearance to be heard on the merits of the case nor to object to the judgment that was rendered; that they waived their rights to such a hearing by electing to stand on their exception first taken.　It is quite true that the defendants would not be entitled to a hearing on the merits without entering a general appearance; and if they had had an opportunity to choose whether they would stand on their exception or waive it by appearing generally, failure to so appear and ask leave to replead would very likely have been a waiver of their right to be heard on the merits.　But this opportunity was not accorded them.　Having prevailed on the jurisdictional issue, the plaintiff insisted upon a peremptory judgment in chief as the proper disposition of the case on the pleadings as they then stood.　The defendants were entitled to resist the plaintiff's motion for judgment without entering a general appearance, and the court properly allowed them an exception when he overruled their objection to such a judgment.

[4, 5]　This brings us to the question whether the court erred in sustaining the motion for judgment.　It is well to note in passing that the question is unaffected by the Practice Act. There can be no doubt that the right to challenge the jurisdiction of the court by an appropriate answer still exists.　The act has simplified the pleading in that respect, but the effect of such a pleading, including the consequences thereof, if overruled, remains the same.　The common-law rule respecting the plaintiff's judgment on a plea in abatement is stated thus: ''Where a plea in abatement is regularly put in, the plaintiff must reply to it or demur.　If he reply and an issue in fact be thereupon joined and found for him, the judgment is peremptory, *quod recuperet;* but if there be judgment for the plaintiff on demurrer to a plea in abatement, or replication to such plea, the judgment is only interlocutory, *quod respondeat ouster.*　In the latter case the defendant has in general four days to plead; but this is in the discretion of the court and they will sometimes order him to plead *instanter,* or on the morrow.''　1 Tidd's Prac. *641; 1 Chit. Pl. *499.　Thus it is only when an issue of fact is found for the plaintiff under a plea in abatement that judgment in chief is awarded him.　*Boright* v. *Williams,* 87 Vt. 245, 88 Atl. 735; *Jericho* v. *Underhill,* 64 Vt. 362, 24 Atl. 251; *Jericho* v. *Underhill,* 67 Vt. 85, 30 Atl. 690, 48 A. S. R. 804.　The reasons

for a distinction between cases involving issues of fact and issues of law are pointed out in the case last cited. The plaintiff attempts to bring himself within this rule, but fails, for the pleadings left no material fact in issue. The result would have been the same if the plaintiff had demurred to the answer. In fact, as already indicated, the question was apparently decided as upon a demurrer. It follows that the court erred in awarding a peremptory judgment for the·plaintiff.

*Judgment reversed, and cause remanded.*