RUTLAND AND BURLINGTON R. R. Co. *v.* ADMINISTRATOR
OF S. R. WALES.

*Appeal from Commissioners. Motion to dismiss.*

The plaintiffs took an appeal from the commissioners on the estate of S. R. Wales, but neglected to file, in the county court, a certified copy of the proceedings in the probate court, with proper evidence that notice of such appeal has been given to the adverse party according to the order of the probate court, as provided by statute, and also for the period of about six months no notice was given to the adverse party, of such appeal. The county court, on motion, dismissed the cause as being irregularly in court. Upon this state of facts, it was held, that if the court below, in the exercise of their discretionary power, have refused to retain the case, and have ordered it dismissed, that decision must be conclusive between the parties, and cannot be re-examined by the Supreme Court on exceptions.

APPEAL from commissioners on the estate of S. R. Wales, deceased.

The administrator filed a motion to dismiss said cause, on the

ground that the plaintiffs had not given notice of their said appeal and of the term of the court to which the same was taken, &c. It was conceded that said administrator had no notice of said appeal being taken, except, or until after said cause was entered in court, in April term, A. D. 1851, in the latter part of said term, and of said administration, save the entry on the docket.

The court decided that said cause was irregularly in court, the facts stated in said motion being true, and that the court had no power to retain said cause, and order notice to said administrator. The court entertained said motion, and dismissed the cause. Exceptions by plaintiffs.

*C. Linsley* for plaintiffs.

The appeal was regularly taken, but the proper notice was not given. This does not deprive a party of his right, as the law will not work a forfeiture, but continue the cause and order notice.

This works no injustice, at most, it only exposes a party to some inconvenience; while a contrary rule would sacrifice a just debt, for an omission to give notice.

The statute does not require any such construction by its terms, hence should not receive it.

Courts do not turn a party out of court, for an omission that can be cured. *Woodward* v. *Spear,* 10 Vt. 420. *Shelburn* v. *Eldridge,* 10 Vt. 123. *Gilman* v. *Thompson,* 11 Vt. 643. *Newton* v. *Adams,* 4 Vt. 437.

*Stoughton & Baxter* and *W. C. Bradley* for defendant.

The statute provides that the probate court shall direct the manner of notice to the adverse party, and that the order of the probate court shall be complied with, at least twelve days before the session of the county court, to which the appeal is taken. Comp. Stat. of 1850, p. 353 § 21.

In the case at bar, the probate court ordered that the appellants cause notice to be given to the administrator, by delivering to him the copy of the record of disallowance, the application for the appeal, and of the declaration filed in the probate court in said cause; and further ordered that the appellants cause said administrator to be summoned to appear before the county court, to be held at Newfane on the fourth Tuesday of April, A. D. 1851, at least

twelve days before the session of said court. The, appeal was entered, without complying with said order of notice.

The court have no power to retain said appeal, and order notice to be given, for the statute provides in express terms that the *notice shall* be given twelve days before the session of the court, to which the appeal is taken. It is, therefore apparent, that the legislature did not intend to leave the manner of notice, or time of notice in the discretion of the county court.

The case of *Woodward* v. *Spear*, 10 Vt. 420, arose under a statute which only provided " that notice to all concerned should be given." Slade's Comp. Stat. 333 § 7.

Courts may give a sensible interpretation to legislative expressions, which are obscure, but language which is clear they have no right to distort. *Pearce* v. *Atwood*, 13 Mass. 324.

It is a general rule in the construction of statutes, that where a positive duty is imposed, that such statute must be strictly complied with. *Miner* v. *Mechanics Bank of Alexandria*, 1 Pet. 64.

The statute is as positive, that the twelve days notice *shall* be given, as that a bond shall be filed when the appeal is taken, and for a failure to file such bond the appeal, would, on motion, be dismissed. *Bailey* v. *Woodward et al.*, 9 Conn. 388.

The opinion of the court was delivered by

ISHAM, J. The questions in this case arise upon a motion to dismiss. The proceedings upon which this application is made, is an appeal from the commissioners of claims on the estate of S. R. Wales. The appeal was taken on the 10th of October, 1850, to the county court to be held on the 4th Tuesday of April, 1851.

The Comp. Stat. p. 353, Sec. 21, 22, requires that the person appealing shall give notice of such appeal, and of the term to which it is taken, twelve 'days before the session of the court, and shall also file, in the court to which the appeal is taken, a certified copy of the proceedings in the probate court, together with the proper evidence that notice of such appeal has been given to the adverse party, according to the order of that court. In relation to all these requirements of the act, the case shows great neglect on the part of the appellants. After the appeal was taken, and for the period of about six months, no notice was given in fact to the adverse party, of such appeal, or of the term of the court to which it was taken, nor was a certified copy of the proceedings of the probate

court, filed in the court to which the appeal was taken, until the latter part of the term, and no proper evidence had then been filed, that notice of such appeal had been given to the adverse party, as ordered by that court.

These are specific requirements of the act, and on failure to comply therewith, the 25th section provides that the claim of the party appealing shall be forever barred, and costs taxed for the appellee.

If we should consider that the provisions of this act were directory merely, and that the county court could retain the case, and order notice to be given, (*Woodward* v. *Spear*, 10 Vt. R. 420,) still, we entertain no doubt that the county court could exercise a discretionary power over the case, and for such neglect, might order the case dismissed. And we can readily perceive, that in many cases the exercise of this power is necessary for the attainment of substantial justice between the parties. Otherwise creditors may by such neglect, for a long period, delay the settlement of an estate, to its permanent injury. And in view of such consequences, the court might properly say, that as the party appealing has not conformed to the requirements of the act, they will not lend the aid of their discretionary power in sustaining proceedings where such neglect is injuriously affecting others. It is evident the party had no strict *legal right* to have the cause retained, and an order of notice made, for the statute in all its provisions had been neglected, and the case lay at the mercy and discretion of the court. To preserve their legal right, they should have conformed to the provisions of the act,— having lost their legal right, by their neglect, the court can exercise their discretion in retaining the case, or ordering it to be dismissed and refusing an order of notice. And if the court, in the exercise of their discretionary power, have refused to retain the case, and have ordered it dismissed, that decision must be conclusive between the parties, and cannot be reviewed by this court.

This was so ruled in the case of *State Treasurer* v. *Raymond et al.*, 16 Vt. R. 364, where on motion a case was dismissed from the county court, for the neglect of the administrator to enter his appearance as prosecutor, and it was held, that the dismissal was within the discretionary power of the court, and could not be reexamined by the Supreme court on exceptions. For this reason we think the judgment of the county court must be affirmed.