(Decided 13th December, 1883.)

---

THE STATE OF MARYLAND, use of RACHEL SAMUEL *vs.* ANTON WEISKITTLE, and ANTON WEISKITTLE, JR.

*Bills of Exception—Void act of a Judge—New Trial.*

The signing and sealing of bills of exception by a Judge, after the expiration of his term of office and the qualification of his successor, is a void act, and no agreement of counsel can give it validity.

A motion for a new trial having been made by the plaintiff, an agreement was tendered by the defendants and accepted by the plaintiff, whereby it was agreed that the bills of exception which had not been signed and sealed by the Judge while in office, should be filed *nunc pro tunc*, and taken as if duly signed and sealed by the Judge during his term of office; the intention of the agreement being to place the plaintiff in a position with reference to said bills of exception as good as it could have occupied had such bills been signed by the Judge during his tenure of office. In consideration of this agreement, the motion for a new trial was dismissed. On appeal taken by the plaintiff, and the same having been dismissed for the reason that the signing and sealing of the bills of exception by the Judge when not in office, was a void act which could not be made effective by any agreement of counsel, it was HELD:

State, use of Samuel *vs.* Weiskittle.

That the appellant on renewal of his motion for a new trial in the Court below, would be entitled to have it allowed, notwithstanding the time for such motion should have expired under the rules and practice of the Court.

When a party, without laches on his part, loses the benefit of his exceptions by the death or illness of a Judge, so that he cannot have them signed and sealed, he will be entitled to a new trial, notwithstanding the lapse of considerable time.

APPEAL from the Superior Court of Baltimore City.

This was an action instituted in the Court of Common Pleas on the 26th of July, 1880, by the appellant against the appellees to recover damages for the killing of an infant child of the equitable plaintiff on the 23rd of July, 1880, through the alleged negligence of a servant of the defendants in driving a wagon of the said defendants over the child whereby she was instantly killed. The case on the suggestion of one of the defendants, was subsequently removed to the Superior Court of Baltimore City, where, after the order of removal had been affirmed by the Court of Appeals, (58 *Md.*, 155,) the plaintiff filed an amended declaration, with an amended bill of particulars. The defendants filed four pleas. To the second, third and fourth pleas the plaintiff demurred and the Court (GILMOR, J.,) sustained the demurrer. The plaintiff joined issue on the first plea. At the trial numerous exceptions were taken, and the verdict and judgment being for the defendants, the plaintiff appealed. A motion was made to dismiss the appeal.

The motion to dismiss the appeal was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, and BRYAN, J.

*M. Star Weil*, and *Albert Ritchie*, for the appellant.

*F. C. Cook*, and *Thos. R. Clendinen*, for the appellees.

IRVING, J., delivered the opinion of the Court.

This appeal must be dismissed. At the trial of the cause certain exceptions were taken on the behalf of the plaintiff. They were not signed by the Judge at the time, but he took the bills of exception as they had been prepared, for examination. Before he had signed the same he had ceased to be Judge, by the expiration of his term of office, and the qualification of his successor. The verdict in the case was rendered on the 13th of October, 1882, and on the same day the record shows that there was a motion for a new trial filed. On the second day of December, 1882, another motion for a new trial was made, based, as we are told at bar, on the failure of Judge GILMOR to sign and seal the exceptions before he went out of office. On the same day of this motion the following agreement was tendered the exceptant by the other side, which being accepted and signed by the counsel of the respective parties, the motion for a new trial was dismissed : "It is agreed, that the bills of exception in this case shall be filed *nunc pro tunc*, and taken as if duly signed and sealed by Judge GILMOR before the expiration of his term of office, and the intention of this agreement is to place the plaintiff in a position with reference to said bills of exception equally as good as it could have occupied had such bills of exception been signed and sealed by Judge GILMOR during his tenure of office."

The appellees have moved to dismiss the appeal upon the ground that Judge GILMOR having ceased to be Judge could not perform the judicial act of signing and sealing the exceptions, and that consent cannot give him the jurisdiction. Appellant contends, that the agreement of the appellees estops them from making this motion. Appellees contend, that the right to raise this question was reserved, which not being admitted by the appellant, we are confined to the agreement as to what was intended. In it there is no reservation of such right, and it is an unequivocal waiver of all objection on account of Judge

GILMOR's disability. That disability is apparent from the very terms of the agreement, and his act being a nullity could not be aided by agreement. If it were a mere irregularity the agreement would have been an effectual waiver, and parties would have been held to it. We regret that counsel felt justified in making the motion to dismiss in the face of their agreement, and did not leave it to the Court *sua sponte* to pronounce it void; but we are assured by them, that they share that regret; and that they acted under a mistaken impression of what they thought was understood by the other side, and therefore do not think it necessary to say more.

We can review the action of a lower Court only upon exceptions duly signed and sealed by the presiding Judge or Judges, according to Statute 13 Edward I, which is in force in this State. *Alex. British Statutes*, 126. Being regulated by statute the proceedings must conform to its requirements.

It is clear that Judge GILMOR could not perform a valid judicial act after he ceased to be Judge; and it can require no authority for the position that an agreement could not vitalize *his* void act.

It is the established practice now, both in England, and in this State, that when a party, without *laches* on his part, loses the benefit of his bill of exceptions, by the death or illness of a Judge, so that he cannot get his exceptions signed and sealed, he will be entitled to a new trial, notwithstanding the lapse of considerable time. *Alex. British Statutes*, 133; *Bennett vs. Pen. & O. Steamboat Co.*, 32 *E. L. & Eq.*, 318; *Newton vs. Boodle*, 54 *E. C. L.* 795. In the last cited case seventeen months had elapsed, yet the Court thought it possible the party might be entitled to a new trial, and therefore laid a rule to show cause why a new trial should not be allowed. In that case the new trial was not awarded because the law was found to have been correctly laid down. In this State it is not admissible for

MARYLAND REPORTS.

another Judge to pass upon the correctness of his predecessor's ruling in such case. The new trial will go as a matter of course, where the exceptions were not. signed and sealed and cannot be, without any default of the exceptant. In *Dakin vs. Pomeroy,* 9 *Gill,* 1, Judge ARCHER having died, the exceptions by consent of counsel were signed by Judge LEGRAND, and this Court sustained the appeal; though no point was made upon it. But that is a different case from this, conceding, without affirming, it to be authority for a like case in future; for Judge LEGRAND was a Judge competent to perform judicial functions, and his act was not, as Judge GILMOR'S in this case, a void act.

In dismissing this appeal we feel bound to say, that the appellant on renewal of its motion for a new trial in the Court below, will be entitled to have it allowed, notwithstanding the time for such motion may have elapsed under the rules and practice of the Court; for the agreement tendered the appellant and accepted by it was naturally calculated to mislead; and the motion for a new trial having been abandoned on account of it, the parties should certainly be remitted to their position as if the agreement had not been made, and the motion had not been dismissed. Any other course would be allowing the agreement to work injustice and surprise on the appellant.

*Appeal dismissed.*

(Decided 13th December, 1883.)