ANNIE MACK v. A. H. LEWIS.

October Term, 1894.

*Appeal from justice.   Within what time entered.   Motion to dismiss.   Waiver.*

1.   Under s. 18, No. 28, Acts 1892, an appeal from the judgment of a justice must be entered within twenty-one days, and if not so entered should be dismissed on motion.

2.   The failure to enter an appeal within that time is a defect which may be waived by the appellee.

3.   If the appellee appears in the county court and omits to move to dismiss within the time allowed for the filing of dilatory pleas, that will amount to a waiver.

Appeal by plaintiff from the judgment of a justice.   Heard at the June term, 1894, Caledonia county, Tyler, J., presiding, upon a motion to dismiss.   Motion overruled.   The defendant excepts.

The judgment was rendered January 17, and the appeal entered June 2.   The defendant entered a general appearance June 15.   June 16 the plaintiff filed specifications, and July 17 the defendant filed this motion to dismiss.

*Albert Perley* for the defendants.

*J. P. Lamson* for the plaintiff.

Since this defect was not taken advantage of at the earliest opportunity, it is waived.   *Dow* v. *School District*, 46 Vt. 108.

MUNSON, J.   It is  provided  by s.  18,  No.  28,  Acts of 1892, that an appeal from the  judgment of a justice shall be entered  and  docketed  in the county clerk's office on or be- fore twenty-one days from the time  such  appeal  is  taken. This  appeal was  not  entered within  the  time limited, and the question is whether the  county court  should  have  dis- missed the appeal on motion.

Before the passage of  this act an appeal could be entered only in term time ;  and it was provided that if the appellant failed to enter the appeal  at  the  next  stated  term  of  the county court, execution might issue on the justice judgment after the county court adjourned.   The requirement that all cases should be entered by the second day of  the  term was merely a provision of  the rules, and an entry could be had at any time during the term by special leave of the court.

We think the present law is  intended  to  limit  the  time within which the appeal  must  be  docketed  to  be of  any avail.   As to all original process it is provided in terms that if  not  filed  in  the clerk's office within the prescribed time, the process shall be of  no avail.   The purpose of  each re- quirement  is  to  bring  the case to a speedier determination by affording an opportunity for completing the pleadings in vacation.   We  think it would be inconsistent with the spirit of  the  act, and a serious interference with its beneficial de- sign, to give this provision a different construction.

But the appellant  contends  that whatever construction be given the statute, the refusal  of  the county court to dismiss this appeal was correct, because  the  motion to dismiss was not filed at the earliest opportunity, nor within the time lim- ited by the rule.   It was within  the  discretion  of  the court to permit the filing of the motion out of  time as regards the rule ;  and  the  court, having passed upon the motion, must be held  to  have  permitted  its  filing.   But the motion was then to be overruled if not seasonably made according to the principles  of  pleading.   It is well understood that a defect

of process that can be waived will be treated as waived if not complained of. The requirement is that the objection shall be taken at the earliest opportunity. The time available for this purpose does not necessarily extend to the taking of a continuance or the filing of some other plea. It is clear that this objection was not taken at the earliest opportunity if not taken within the time allowed by the rules of court for the making of dilatory motions. An entry out of time will not prevent an application of the rules if the defendant sees fit to appear. The appellee's entry of an appearance must be held to have subjected him to the running of the periods limited, at least upon a calculation made from the date of his appearance. Treating this appearance as entered upon the first day of the fourteen allowed by the statute, the motion was not made within the rule. This delay was a waiver of the defect in the appeal, if the defect was one that could be waived.

This holding is but the application of an ancient doctrine to modern practice. All dilatory pleas were held to be waived by the general imparlance of the old law. A general imparlance was the time allowed a party for pleading upon an application in which no right of exception was reserved. The general rules fixing periods for the filing of pleas have taken the place of these special leaves. If the allowance of a general imparlance on application was a waiver of the right to file dilatory motions, the running of the entire time allowed by rule for that purpose must have the same effect. Gould Plead., ss. 16, 17; *Pollard* v. *Wilder*, 17 Vt. 48.

The defect was one that could be waived. It was not anything affecting the jurisdiction of the court over the subject matter of the suit. The appeal was not absolutely void, but void until confirmed. The appellee could concur in submitting the case to the decision of the court, although not regularly entered. He did this by appearing, and per-

mitting the time allowed for dilatory motions to pass without raising the objection.  *Huntley* v. *Henry*, 37 Vt. 165.

*Judgment affirmed and cause remanded.*