J. HENRY THORP *v.* THOS. W. THORP'S ESTATE.

January Term, 1902.

Present: ROWELL, TYLER, MUNSON, START and WATSON, JJ.

Opinion filed August 28, 1902.

*Administration—Defective appeal from commissioners—Rights of creditor under administrator's appeal—Declaration—Waiver—Agent's liability for interest.*

The creditor of an estate, whose claim is allowed by commissioners in full, but is reduced by more than twenty dollars by the allowance of offsets, is not entitled to an appeal on the ground that his claim is disallowed to that amount; but he may prove his claim under the administrator's appeal, if the pleadings allow.

When the creditor and administrator both appeal from the decision of the commissioners, and no question is raised as to the validity of the creditor's appeal until the case reaches a referee, the creditor may prove his claim in the administrator's appeal, under the declaration filed in his own, though his own may be invalid.

An agent who receives money of his principal which he fails to account for is chargeable with interest thereon, without proof that he made use of it or that he failed to comply with some demand or direction concerning it.

APPEAL from the decision of commissioners on the claim presented by J. H. Thorp against the Estate of Thos. W. Thorp, and the claims presented by Ira W. Thorp, the administrator, in offset thereto. Heard on the report of a referee and exceptions thereto at the March Term, 1901, Chittenden County, *Stafford*, J., presiding. Judgment for the claimant. The estate excepted.

*George M. Powers* and *V. A. Bullard* for the claimant.

It is not denied that the claimant was entitled to an appeal; it is simply contended that he predicated his application there-

for upon the wrong ground; that he should have alleged the conditions specified in subdivision II, rather than subdivision I, of V. S. 2585. The statute gives the right of appeal not from the allowance or disallowance, but from the *decision* and *report* of the commissioners. If the net result shows a reduction of the claimant's demand to an amount exceeding twenty dollars, an appeal lies. "In these proceedings in Probate Court there is no nicety of form." To reject this appeal for such a purely formal defect as the one here urged, "would be a most senseless and punctilious adherence to nicety in matters of form." *Robinson* v. *Robinson's Exr's,* 32 Vt. 738.

If the appeal was invalid for the reasons assigned, it was too late for the estate to take advantage of it when the case reached the referee. A motion to dismiss the appeal should have been filed as was done in *Robinson* v. *Robinson's Exr's. supra.* It is analogous to matters in abatement merely, which must be urged at the earliest opportunity or they are waived.

The trial court properly charged the estate with interest on the money received by the decedent belonging to the claimant, for which the decedent had never accounted. When there is no contract to pay interest a party liable to pay money or to account for the same, will be chargeable with interest upon neglect to pay or account for the money in accordance with his duty. *Sprague* v. *Estate of Sprague,* 30 Vt. 483; *Evans* v. *Beckwith,* 37 Vt. 280.

*W. L. Burnap* and *J. J. Monahan* for the estate.

The creditor's appeal is invalid, because the record shows that his claim was allowed in full by the commissioners; therefore the referee had nothing before him to try and all the testimony was improperly received.

Nor will the administrator's appeal avail the claimant. No declaration of this creditor's claim was filed in the administra-

tor's appeal.  Consequently no trial can be had thereunder. *Allen, Admr.* v. *Rice,* 22 Vt. 333; *Stearns* v. *Stearns,* 30 Vt. 213.

An agent is not chargeable with interest in the absence of an agreement to that effect, or anything to show that the agent was legally in default.  26 Vt. 545; *Blodgett's Estate* v. *Converse's Estate,* 60 Vt. 410.

Munson, J.  The decedent had for many years held funds of the creditor to invest and account for.  The commissioners allowed the creditor's account as presented, but reduced the sum found due him by an allowance of items presented in offset.  The creditor filed in the probate court an application for an appeal from this judgment, representing that his claim had been disallowed to the amount of more than twenty dollars, and filed therewith a declaration of his claim consisting of the common counts in assumpsit.  The administrator also filed an application, setting forth the allowance of the creditor's account to the amount of more than twenty dollars, and the disallowance of the claim presented in offset to more than that amount, and appealing from the allowance of the creditor's account and from the disallowance of the offset; and filed with the application his objections to the allowance of the creditor's claim, and a declaration in general assumpsit of his own claim in offset.  Both appeals were duly entered, referred as separate cases, and tried together.

No question was raised as to the sufficiency of the creditor's appeal until the hearing before the referee.  The administrator then objected to the reception of evidence, on the ground that the creditor's appeal was only from the disallowance of his claim, and that it appeared from the record that no part of his claim was disallowed, and that consequently he had no case to present.  It is now insisted that this objection was

properly and seasonably made, and that the evidence should have been excluded; that the creditor's appeal was invalid, and that he could not prove his claim under cover of the appeal taken by the administrator. The creditor insists that the appeal taken by him. is valid; that the appeal is not from the allowance or disallowance, but from the decision of the commissioners as shown by the balance reported, and that whenever the net result is a reduction of the creditor's demand he is entitled to an appeal as one whose claim has been in part disallowed.

The statute requires the commissioners to report the claims presented or exhibited in offset, the sums allowed and disallowed, and the final balance, whether in favor of the creditor or the estate; and allows an appeal from the "decision and report of the commissioners." V. S. 2434, 2585. It is clear that the decision referred to is the balance found upon adjusting these counter demands. When the report is accepted the balance returned becomes a judgment for or against the creditor; and this judgment is vacated by an appeal, whether taken by the creditor or the estate. *Allen* v. *Rice,* 22 Vt. 333; *Stearns* v. *Stearns,* 30 Vt. 213. It follows that an appeal opens to the appellee all matters that entered into the determination of the balance, so far as the pleadings may entitle him to litigate them.

The rule could not be otherwise in a case like this. It appears that the decedent made annual returns to the creditor, and that each kept a book; that for a long time the variations were slight, and that the difference in the final footings was only about twelve hundred dollars. The creditor presented a demand of $4,600.06, and the administrator one of $87,500.68, of which $3,606.35 was allowed. This indicates that the creditor presented a balance of accounts, and that the administrator presented the debit side of his intestate's book. The creditor's demand covered, in different form, the matters presented by

the estate.    It is evident that in such a case an appeal by either
party must carry the matter of claim and counter claim before
the county court.    See *Woodbury* v. *Woodbury's Est.*, 48
Vt. 94.    The matters are not separable, like those considered
in *Banfill* v. *Banfill's Est.*, 27 Vt. 557.

But the administrator insists that, if his appeal opened the
whole inquiry, the creditor is not in a position to avail himself
of it, because of his failure to file the necessary papers.    When
a creditor presents a claim, the administrator is required to pre-
sent in offset whatever demands the estate may have against
such creditor.    A claimant, whether creditor or administrator,
may appeal from the disallowance of his claim. - The party
against whom a claim is allowed, whether creditor or adminis-
trator, may appeal from the allowance of the claim against him.
When both claim and offset are presented, and more than
twenty dollars of each is allowed, and more than twenty dol-
lars of each disallowed, there may be appeals by both parties in
both capacities.    When the appeal is by a claimant, he files
with his application a declaration setting forth his claim. When
the appeal is by one against whom a claim is allowed, he files
with the application his objections to the claim allowed, and
the claimant then files his declaration in the county court.
V. S. 2585, 2588.

It is evident that the creditor's appeal in this case is that
of an aggrieved claimant.    His application recites only the dis-
allowance of his claim to the amount of more than twenty dol-
lars.    He filed with his application a declaration setting forth
his claim, but filed no objections to the claim allowed against
him.    The fact that he appealed "from the judgment of the
commissioners" does not alter the case.    The appeal, however
stated, is necessarily from the judgment; but the ground of
appeal lies in something that enters into the judgment,—either
the disallowance of his claim to the amount of more than twenty

dollars or the allowance of some claim against him to more than that amount; and the statute requires that the papers filed shall correspond with the ground of the appeal.

The creditor was not entitled to an appeal upon the ground stated in his application. The record disproved the existence of the only fact that could entitle him to such an appeal. His claim was allowed in full, and he was harmed only by the allowance of a counter demand. It now appears that the two claims related to the same account; but if enough appears to show that the allowance in offset was in effect a disallowance of so much of the claim, the fact is immaterial. The statute requires no designation of the nature of the different claims, and the right of appeal must be determined upon the face of the papers as finally accepted by the probate court.

But the appeal of the estate was entered, and both appeals were sent to a referee for adjustment without any question having been raised as to the validity of the creditor's appeal. We have seen that the administrator's appeal opened the whole matter, and the question now is whether the pleadings were such that the creditor could proceed as a claimant. He could not do this without having in the case a declaration of his claim. Under our probate system the claims in favor of and against a creditor are received informally and disposed of, in the first instance, without pleadings. But the statute plainly contemplates that when the case passes to the county court, it shall stand upon a sufficient declaration and be tried upon an issue regularly formed. *Lynde* v. *Davenport,* 57 Vt. 597. It thus becomes necessary to inquire whether there was a declaration of the creditor's claim in the case as submitted to the referee.

It is clear that when both appeals are entered they are to be treated as one proceeding, for they are necessarily one case. The creditor filed no declaration in the county court in the

appeal entered by the administrator, but the copies of his own appeal which he entered in that court contained a declaration of his claim as filed in the probate court. So his declaration was actually in the files of the county court, and in the files of the case sent to the referee. No question as to the validity of his appeal was raised prior to the reference, and until objection he might well stand upon the declaration thus brought into the case, without filing one in the county court, as he might otherwise have done. There is no irregularity here that may not properly be treated as waived by going before the referee. The views and practice of this court in regard to the waiver and correction of irregularities in probate and other cases may be seen in *Francis* v. *Lathrope,* 2 Tyl. 372; *Howe* v. *Pratt,* 11 Vt. 255; *Maxfield* v. *Scott,* 17 Vt. 634; *Robinson* v. *Robinson's Exrs.,* 32 Vt. 738; *Cook* v. *Carpenter,* 34 Vt. 121, 80 Am. Dec. 670; *Huntley* v. *Henry,* 37 Vt. 165; *Dennis* v. *Stoughton,* 55 Vt. 371; *Maughan* v. *Burns' Est.,* 64 Vt. 316, 23 Atl. 583.

The only other exception urged is that regarding the allowance of interest. It appears that Thomas sent Henry annual statements of account, in which he credited himself with his services and charged himself with interest; that from time to time he asked to be notified of any complaints, so that he could govern himself accordingly; and that there was no evidence that Henry ever complained of either class of items. The master finds from the course of dealing and the correspondence that Henry did not intend to charge Thomas any more interest than Thomas had allowed him in the statements sent. But this finding does not dispose of Henry's right to charge interest upon receipts of which he had no knowledge; and our understanding is that the items in dispute all relate to matters which through some oversight were not entered in the account. So the right to recover this interest is an open question, to be determined by the rules of law applicable to the case

of a financial agent.    Nothing appears in regard to these moneys except that Thomas received them and failed to enter them. The estate contends that something more than the mere receipt and retention must be shown to make it chargeable with interest, citing *Blodgett's Est.* v. *Converse's Est.*, 60 Vt. 410, 15 Atl. 109.    It is doubtless true that it must ordinarily be shown that the agent has made some use of the money, or that he has failed to comply with some demand or direction concerning it. But we think that, in the circumstances of this case, Thomas's failure to render an account of the receipts furnishes the further element needed to charge him with the payment of interest. By the course of dealing which prevailed here, he should have made return of these receipts in his annual statements.    Having left Henry without knowledge of the receipts, however innocently it may have been done, he cannot refuse the payment of interest on the ground that no demand was made or direction given.    When he failed to make any entry or return of this money as the property of Henry he in effect mixed it with his own, and subjected himself to the presumption that he derived some benefit from it, and should pay for the use of it.

  *Judgment affirmed and ordered certified.*