HELEN J. NELSON *v.* GEORGE F. MARSHALL.

May Term, 1904.

Present: ROWELL, C. J., MUNSON, START, WATSON, STAFFORD, and HASELTON, JJ.

Opinion filed August 31, 1904.

*New Trial—Grounds—Bills of Exceptions—Failure to Sea-sonably File—Mistake of Judge—V. S. 1662.*

Questions, the decision of which involve a consideration of the evidence, cannot be reviewed by writ of error.

A bill and statement, signed as a bill of exceptions, becomes a mere nullity unless seasonably filed.

When, after trial in county court, the defeated party is precluded from seasonably filing his bill of exceptions solely by reason of accident or mistake on the part of the judge who signed it, he is entitled to a new trial, under V. S. 1662, without regard to the sufficiency of his exceptions.

PETITION for a new trial brought, under V. S. 1662, to the Supreme Court for Windsor County, at its January Term, 1904, and heard at the May Term, 1904, on motion to dismiss the petition.

The petitioner was plaintiff in the suit in county court, which was an action of ejectment tried by jury at the June Term, 1904, of Windsor County. The exceptions taken in that trial by the petitioner were to the admission or exclusion of evidence, and to the court's ordering a verdict against her.

The petition states that within the ten days after the adjournment of said June Term petitioner's bill of exceptions was duly drawn and submitted to the attorney on the other side; that the latter, within fifteen days from the rising of said court, returned said bill with proposals of amendment; that within five days thereafter said bill, with said proposals of

amendment was mailed to the Judge who presided at said trial, for allowance; that said bill was received by the Judge within twenty days from the adjournment of said court; that said bill was duly signed by the Judge and by him mailed to the petitioner's counsel, but the latter did not receive the bill till more than thirty days after the final adjournment of said June Term, and that then he immediately filed it.

*J. C. Enright, E. R. Buck,* and *Edward H. Deavitt* for the petitioner.

A writ of error will not provide a remedy in this case for the exceptions are not a part of the record. *Small* v. *Haskins,* 30 Vt. 172; *Bank* v. *Colt,* 31 Vt. 415; *Estabrooks* v. *Ins. Co.,* 74 Vt. 202.

The only remedy is by petition under V. S. 1662, and a new trial should be granted. *Sleeper* v. *Croker,* 48 Vt. 9; *Beckwith* v. *Middlesex,* 20 Vt. 593; *Walden* v. *Clark,* 50 Vt. 83; *Bradley Fertilizer Co.* v. *Fuller,* 58 Vt. 315; *Webster* v. *Smith,* 72 Vt. 12.

*Gilbert A. Davis* for the petitionee.

No laches are imputed to the petitionee or his counsel. The statute is imperative that exceptions shall be filed within thirty days. *State* v. *Wells,* 73 Vt. 265; *Mead* v. *Moretown,* 72 Vt. 323.

Neither a party nor his counsel can waive this provision. *Small* v. *Haskins,* 29 Vt. 187; *Nixon* v. *Phelps,* 29 Vt. 198; *Higbee* v. *Sutton,* 14 Vt. 555; *Shattuck* v. *Oakes,* 14 Vt. 556.

HASELTON, J.    This was a petition to this Court, under V. S. 1662, for a new trial of an action tried by jury at the June Term, 1903, of the Windsor County Court. The case

was heard on a motion to dismiss the petition. The petitioner was defeated on trial in the county court, and the petition sets out facts showing that the petitioner took exceptions on trial, that a bill of exceptions was allowed and signed by the presiding Judge, but that without fault on the part of the petitioner, and solely by reason of accident or mistake on the part of the Judge, the bill of exceptions could not be filed until more than thirty days after the final adjournment of the term of court at which the trial was had. In such a state of facts, the right of the petitioner to have the cause passed to this Court, in the usual way on exceptions, was lost. Under our decisions, it is equally clear that a writ of error was not an available remedy, since the exceptions taken involve a consideration of the evidence, which is not a part of the record.

Unless this petition lies, the excepting party is without remedy. V. S. 1662 provides that "the Supreme Court may grant a new trial in a cause determined by such court, or a county court, on petition of either party subsequent to the term of the court at which the original judgment was rendered." Nothing is said in this section with reference to the grounds on which a new trial may be granted; but V. S. 1664, which limits the time for bringing the petition, shows the broad scope of the statute. The reasons assigned may be matter of law; or such reasons may be the discovery of new evidence, or other matter of fact. The phrase "or other matter of fact" appears for the first time in the General Statutes, enacted in 1862, and was obviously intended to make apparent the breadth of scope of the section which is now V. S. 1662. The statute, under which this petition is brought, is remedial and equitable in its nature, is limited by no restrictions of language, and should be liberally construed.

The absolute inability of the Presiding Judge to remedy the mistake makes the case analogous to cases in which a party lost the benefit of exceptions by reason of the death, or illness of the Presiding Judge.   Such cases are the following: *State* v. *Weiskittle,* 61 Md. 51; *Crittenden* v. *Schermerhorn,* 35 Mich. 370; *Benett* v. *Steamboat Co.,* 16 C. B., 29; *Taylor* v. *Simmons,* 116 N. C. 70; *Wright* v. *Judge,* 41 Mich. 726.

It is not deemed proper for this Court to hear and determine the questions presented by the bill of exceptions accompanying the petition, and to grant or refuse a new trial according as error is or is not discovered.   To pursue such a course, would be to negate the statute and to overrule our decisions with respect to the effect of a failure to have a bill of exceptions signed and filed within the time limited by law. The bill of exceptions not having been seasonably filed, the entry of exceptions must have been struck from the clerk's docket, the clerk could not file, or receive the bill and the statement signed as a bill of exceptions became a nullity, so far as concerned the bringing of the questions therein stated before this Court for determination.

Nor should the principle here apply which requires the petitioner for a new trial in some way to satisfy the Court that the result of a new trial would probably be different from that of the former one.   To preserve intact the due administration of the law a broader principle may sometimes be successfully invoked.   Such broader principle is recognized in *Walden* v. *Clark,* 50 Vt. 383.   In *State* v. *Weiskittle,* above cited, an excepting party had lost the benefit of his exceptions by the death of a Judge.   In that case the Maryland Court say: "It is the established practice now, both in England and in this State, that when a party, without laches on his part, loses the benefit of his bill of exceptions by the death, or

illness of a Judge, so that he cannot get his exceptions signed and sealed, he will be entitled to a new trial." There being in that State no provision by which the exceptions could be settled by another Judge, the Court did not inquire into the merits of the exceptions taken but said: "The new trial will go as a matter of course."

In *Wright* v. *Judge,* 41 Mich. 726, the trial Judge died without acting upon a bill of exceptions which had been duly submitted to him. The opinion of the Court, in its entirety, is as follows: "Although there was great delay in settling the bill of exceptions, it appears to have been from the inaction of the Judge and not from the fault of the party. The case therefore cannot be distinguished from other cases before decided, where parties have been deprived of their exceptions by circumstances beyond their control. The death of Judge Cochrane without acting upon the exceptions, made a new trial a matter of right."

In another Michigan case, *Crittenden* v. *Schermerhorn,* 35 Mich. 370, the bill of exceptions was settled by the Trial Judge in accordance with a stipulation of counsel after the Judge had retired from office. The Court held that this proceeding was without authority and granted a new trial without any consideration of the merits of the exceptions taken, saying: "Where a party has lost the benefit of his exceptions from causes beyond his control it is proper to give him a new trial." The opinion in this case was delivered by Judge Cooley.

The case of *Taylor* v. *Simmons,* 116 N. C. 70, is fully stated in the following head note: "Where the case and counter case were served in time, appellant immediately applied to the Judge to settle it, and the Trial Judge afterwards died, a new trial will be ordered."

*Bennett* v. *Steamboat Co.,* 16 C. B. 29, was a case tried before Chief Justice Wilde and a draft of a bill of exceptions was laid before him, but in consequence of his appointment as Lord Chancellor and subsequent illness, all hope of the settlement of the bill of exceptions was abandoned. Thereupon, upon proper application, a new trial was ordered as a matter of course. The report of the case shows the question intended to be raised, but the Court expressed no opinion upon its merits.

The principle which governed the cases above referred to is applicable here. Under the system by which, in this State, justice between parties is administered and upheld, the petitioner had a right to have her exceptions heard in this Court. That right was a substantial one, and it having been lost in the way set out in the petition,

*A new trial is granted.*