HOTEL VERMONT COMPANY *v.* DAVID COSGRIFF.

May Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed June 24, 1915.

*New Trial—P. S. 2018—Failure Seasonably to File Bill of Exceptions—Notice Required by P. S. 1356 of Entry of Vacation Judgment—Method of Notice.*

This Court has no jurisdiction to entertain a bill of exceptions filed more than thirty days after entry of judgment, and neither the consent of the adverse party nor the action of the presiding judge in allowing and signing the bill of exceptions, nor both, can supply that jurisdiction.

Where a plaintiff was by the county court denied recovery of a substantial part of his claim, and he excepted to various rulings of the court, and his exception to the judgment was noted when it was rendered in vacation, but, without fault on his part, he failed seasonably to file his bill of exceptions, he lost the substantial right of having his exceptions reviewed, and so, his petition for a new trial, brought to this Court under P. S. 2018, should be granted.

In a petition for a new trial in such case, petitioner is not required to satisfy the Court that a new trial would probably have a different result, nor are the questions raised by the exceptions considered.

The requirement of P. S. 1356 that, where judgment is entered in vacation the clerk shall forthwith notify the attorney of record of each party, is mandatory, and parties have a right to rely on it, and so neither they nor their counsel are wanting in diligence, if they fail to inquire whether the case has been disposed of during vacation.

Good practice requires, and P. S. 1356 may fairly be construed to require, that the notice thereby directed to be given by the clerk to the attorney of record of each party of the filing of a vacation judgment order, shall be in writing, and, though actual notice received by any other method would probably be effective, to charge a party with notice when such other method selected by the clerk fails, would defeat the purpose of the statute.

A plaintiff, on petition to this Court under P. S. 2018, is entitled to a new trial where it appears that this case in county court was tried by the court, to whose various rulings he excepted; that in vacation, and on May 22, 1914, the court filed findings of fact and a judgment order by which petitioner had judgment for only a portion of his claim, and exceptions by both parties were then noted; that petitioner's attorney of record had, in the insurance and collection business only, a partner who was not an attorney at law; that on receipt of the judgment order the clerk of the court called on the telephone the office of petitioner's attorney of record, and thereby notified said partner, who answered the call, of the entry of judgment and asked for the judgment fee, which the partner at once paid with the firm's check; that at this time petitioner's attorney of record was in California and did not return till June 9, 1914, and did not learn of the judgment until some time in August, 1914, whereupon he prepared, had duly signed and filed, a bill of exceptions, though too late to be available.

PETITION for a new trial, brought to the Supreme Court for Chittenden County at its May Term, 1915, and then heard on the pleadings. The opinion states the case.

*Max L. Powell* for the petitioner.

*Stickney, Sargent & Skeels* for the petitionee.

TAYLOR, J. This is a petition for a new trial brought under P. S. 2018, which provides for granting a new trial in a cause determined by this Court or by a county court on petition of either party. The original cause was trial by court at the March Term, 1914, of Chittenden County Court. The petitioner reserved exceptions to various rulings of the court. At the final adjournment of said court on April 25, 1914, the case was undisposed of and was entered "with the court." On May 22, 1914, the court filed findings of fact and a judgment order by which the petitioner had judgment for a portion of its claim. Exceptions by both parties were noted. Max L. Powell, doing business under the name of Powell & Powell, was attorney of record for petitioner.

One George W. Marks is a partner of said Powell in the insurance and collection business, but is not an attorney at law

and not a partner in the law business. On receipt of the judgment order the clerk of the court called the office of Powell & Powell and notified Mr. Marks, who answered the telephone, of the entry of judgment and asked for the judgment fee. Mr. Marks sent the check of Powell & Powell to pay the judgment fee, upon the receipt of which the clerk entered the judgment. At this time Mr. Powell was in California and did not return to Burlington until June 9, 1914. Mr. Marks failed to call Mr. Powell's attention to the matter on his return and he did not learn of the judgment until sometime in August, after the time for filing exceptions had expired. Upon discovering that the judgment had been entered Mr. Powell immediately took steps to secure a bill of exceptions, and the same was filed August 27, 1914. At the February Term of this Court, attention having been called to the fact that petitioner's exceptions were filed out of time, it procured a continuance of the case and thereupon brought this petition.

The petitioner's exceptions having been filed more than thirty days after the entry of judgment, it lost the benefit thereof. Neither consent of the adverse party, nor the action of the presiding judge in allowing and signing the bill of exceptions, nor both together, will stay the operation of the statute. Exceptions must be filed within the time fixed thereby or they cannot be entertained in this Court, as the failure touches its jurisdiction. *Mead* v. *Moretown*, 72 Vt. 323, 47 Atl. 1072; *Nelson* v. *Marshall*, 77 Vt. 44, 47, 58 Atl. 793; see *Jenness* v. *Simpson*, 84 Vt. 127, 133, 78 Atl. 886. It remains to consider whether the right to be heard on its exceptions was lost by the petitioner under circumstances justifying the granting of a new trial.

The defendant urges that the petitioner's exceptions were without merit and that there is no attempt to show that a new trial would be likely to produce a different result; but these questions are not before us. In such a case as this the petitioner is not required to satisfy the Court that the result of a new trial would probably be different, nor are the merits of the questions sought to be raised by exceptions considered. *Nelson* v. *Marshall, supra.* The petitioner was denied recovery of a substantial part of its claim. The right to have its exceptions heard in this Court was a substantial right and, if lost without its fault, its petition for a new trial should be granted. *Nelson* v. *Marshall, supra.*

P. S. 1356 provides that where judgment is entered in vacation the county clerk shall forthwith notify the attorney of record of each party to the cause.    The clerk undertook to comply with this requirement by telephone; but, owing to Mr. Powell's absence and the omission of Mr. Marks to call his attention to the matter on his return, failed to get notice to petitioner's attorney. This provision for notice is mandatory and parties have the right to rely upon it.    Neither they nor their counsel can be regarded as wanting in diligence, if they fail to inquire whether the case has been disposed of in vacation.    To charge a party with notice, when the method of notification selected by the clerk fails, would defeat the purpose of the statute.

The consequences of failure to give seasonable notice of judgments entered in vacation may be such that the method best calculated to accomplish its purpose should always be selected. While the statute does not in terms provide that the notice shall be in writing, it is open to that construction.    See *Waitsfield* v. *Craftsbury,* 87 Vt. 406, 409, 89 Atl. 466.    Notice required by, or given in pursuance of, the rules of court must be in writing. County Court Rule 48, §1.    Regardless of the requirement of the statute, good practice requires that the notice be in writing. We do not decide that failure to receive written notice, standing alone, would entitle the petitioner to the relief asked; actual notice received in a less formal way would very likely defeat the petition. · The loss of the right to have its exceptions heard because of failure to receive seasonable notice of the judgment brings the petitioner within the purview of the statute.

As the case goes back for a new trial we do not consider the defendant's exceptions.

*Judgment reversed, petition granted and cause remanded for a new trial.*