WILLIAM ANDREW *v.* MAURICE BUCK, APT.

February Term, 1924.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed March 8, 1924.

*Justices of the Peace—Failure to Enter on Time in County Court An Appeal Properly Taken May Be Waived—Time for Appellee to Enter Appearance—Motion to Dismiss Appeal—Appearance—County Court Rule 9.*

1. Where an appeal from justice court was claimed and allowed within two hours after the rendition of the judgment by the justice, in accordance with G. L. 1693, the failure of appellant to enter the appeal in county court within the time fixed by G. L. 1695, being a defect that could be waived, did not affect

the jurisdiction of the county court over the subject-matter of the suit.

2. Under G. L. 1696, in an appeal from a judgment of a justice of the peace, the time within which the appellee must enter his appearance is thirty days from the time of taking such appeal, and not thirty days from the time of entering same.

3. Where a defendant in justice court appealed from the decision of the justice, but failed to enter the appeal in county court until nearly three weeks after the time fixed by G. L. 1695, and then without the consent of the plaintiff, and subsequently moved for and secured a non-suit under the provisions of G. L. 1696, plaintiff's motion to dismiss defendant's appeal, filed at the first day of the following term of county court, at which time plaintiff's appearance was entered specially for that purpose, was timely filed, and such special appearance was not enlarged into a general appearance by the plaintiff at the same time asking the court to strike off the nonsuit.

4. The provision of county court rule 9, requiring the filing of an affidavit of merit in the defense, relates to default entries only.

APPEAL by defendant from the judgment of a justice of the peace. Heard by the court at the December Term, 1923, Bennington County, *Moulton, J.,* presiding, on plaintiff's motion to dismiss the appeal. Motion granted. The defendant excepted. The opinion states the case. *Affirmed.*

*Holden & Healy* for the defendant (appellant).

*Collins M. Graves* for the plaintiff (appellee).

SLACK, J. The plaintiff obtained judgment against the defendant before a justice of the peace in Bennington County on August 1, 1923, from which the defendant appealed to the county court for that county. The appeal was entered and docketed with the clerk of that court September 11, 1923, without the knowledge or consent of the plaintiff, and on November 6, following, the plaintiff not having entered an appearance, the defendant moved for a nonsuit, which we assume from other facts that appear in the exceptions, the clerk entered in accordance with the provision of G. L. 1696. On the first day of the next

term of the county court, the plaintiff's attorney, by leave of court, entered a special appearance for the purpose of filing a motion to strike off the nonsuit, and to dismiss the appeal because not entered within the time allowed by statute, and immediately filed such motion. The defendant opposed the motion to strike off the nonsuit on the ground that no affidavit of merit had been filed, and resisted the motion to dismiss because it was not filed within the time required by the rule—meaning, we assume county court rule 4. The court struck off the nonsuit, and dismissed the appeal, to all of which the defendant excepted.

G. L. 1693 provides that, except in certain cases, either party may appeal from the judgment of a justice of the peace to the county court, if an appeal is claimed within two hours after the rendition of such judgment.

G. L. 1695 provides that the appellant shall, ''on or before twenty-one days from the time of taking such appeal, cause to be entered and docketed with the clerk of the court to which the appeal is taken, certified copies of the original writ, process and record of judgment.''

G. L. 1696 provides: ''The appellee shall cause his appearance to be entered with the clerk of the court on or before the expiration of thirty days from the time of taking such appeal. If the appellee does not appear in person or by attorney within such time, the clerk shall, on motion of the appellant, enter a nonsuit in case the plaintiff is appellee, and a default in case the defendant is appellee. At the next regular term, judgment shall be entered by the court in accordance with such nonsuit or default, but such nonsuit or default may be stricken off on such terms as to costs and the time of filing pleadings as the court directs.''

[1] The plaintiff contends that since the defendant failed to enter his appeal within the time fixed by statute, the county court was without jurisdiction in the matter. If so, jurisdiction could not be conferred by waiver, or even by consent or agreement. *Essex Storage Electric Company, Inc.* v. *Victory Lumber Co.,* 93 Vt. 437, 108 Atl. 426; *Hotel Vermont Company* v. *Cosgriff,* 89 Vt. 173, 94 Atl. 496. These cases are relied upon by the plaintiff in support of his claim. But the statutory provisions upon which the court's jurisdiction depended in those cases are unlike the one before us in the instant case. The former case

was a proceeding before the Public Service Commission from whose final order appeal is taken in the same manner as appeals in chancery (G. L. 5038), namely, by a written motion therefor filed with the clerk within twenty days from the date of the decree appealed from (G. L. 1561). The latter case was a petition for a new trial in an action at law where the exceptant had failed to file his exceptions within the time prescribed by G: L. 2258. These cases hold, and there are others to the same effect, that a motion for an appeal in the one instance, or a bill of exceptions in the other, if filed after the expiration of the time fixed by statute is too late to be effective, and that in such case this Court is without jurisdiction. If the irregularity here complained of was that the defendant claimed and was allowed an appeal more than two hours after the rendition of the judgment by the justice, these cases would be in point; but such is not the case. Here the appeal was seasonably claimed and allowed—that step was properly perfected. The only defect was failure to enter the appeal within the time allowed by statute, and it was held in *Mack* v. *Lewis,* 67 Vt. 383, 31 Atl. 888, that such defect did not affect the jurisdiction of the county court over the subject-matter of the suit, and, consequently, could be waived.

[2, 3]   This brings us to the question whether, as claimed by the defendant, the plaintiff waived such defect by failing to file his motion to dismiss earlier. This Court has repeatedly held that dilatory objections must be raised at the earliest opportunity, and cannot be later than the time allowed by the rule of court for filing dilatory pleas, in cases governed by the rule (*Mack* v. *Lewis, supra; Wade* v. *Wade's Admr. et al.,* 81 Vt. 275, 69 Atl. 826; *Boright* v. *Williams,* 87 Vt. 245, 88 Atl. 735), which is five days after the time for entering an appearance expires (county court rule 4). The time fixed by statute within which the appellee, in an appeal from a judgment of a justice, must enter his appearance is, as we have seen, thirty days from the time of *taking* such appeal, and not, as stated in the defendant's brief, thirty days from the time of *entering* same. Not only was this appeal entered nearly three weeks after the time allowed for entering it had expired, but it was entered, as the record shows, without the knowledge or consent of the appellee. No time is fixed, either by statute or court rule, for entering

appearance in such instances, and no appearance was actually entered until the first day of the following term of county court, at which time the motion to dismiss was filed.

The defendant insists that it must be presumed, the contrary not appearing, that the plaintiff had notice of the filing of the motion for nonsuit on November 6, and that he failed to act seasonably thereafter; but such presumption cannot be indulged where it affirmatively appears, as in this case, that the party had no notice of the pendency of the suit wherein such motion was filed. It must be held, in the circumstances, that the motion to dismiss was timely filed. It must be held, too, that this motion was properly entertained, unless, as claimed by the defendant, the plaintiff by asking the court to strike off the nonsuit enlarged his qualified appearance to a general one, and thereby lost his right to insist on his motion to dismiss. A large number of cases showing what acts have been held to, and what acts have been held not to, constitute a general appearance may be found collected in 4 C. J., p. 1333 *et seq.*, and in 2 R. C. L., p. 327 *et seq.* Suffice it to say that no infallible test exists for determining this question in all cases. The test adopted in *Merchant's Heat & Light Co.* v. *J. B. Glow & Sons,* 204 U. S. 286, 51 L. ed. 488, 27 Sup. Ct. 285, is whether the defendant became an actor in the cause. Common illustrations of the assumption of the rôle of actor in a suit are taking a trial on the merits, taking a continuance, challenging the pleadings by demurrer without limiting the issue to the question of jurisdiction, filing any pleading that puts in issue the merits of the cause, etc. In these instances the party, obviously, is an actor *in the cause.* Such is not the situation in this case. Here, the plaintiff acted *without* the cause, rather than *in* it. Manifestly, his sole object was the dismissal of the appeal because not properly entered, and he moved at the earliest opportunity to accomplish that end, and, as the record shows, moved specially for that purpose. While it may not have been necessary for him to notice the entry of nonsuit in order to accomplish what he was seeking to have done, it cannot be said, in the circumstances, that, by so doing his appearance, which was specifically limited, became general.

[4]   The provision of county court rule 9 requiring the filing of an affidavit of merit in the defense relates to default entries only, and has no application to the situation before us.

*Judgment affirmed.*