DEPENDENTS OF GEORGE A. VLAHOS *v.* RUTLAND RESTAURANT
ET AL.

Special Term at Rutland, November, 1931.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed January 6, 1932.

*Novak, Bloomer & Spero* for the appellants.

GRAHAM, J. This is an appeal from the findings and order of the commissioner of industries dismissing the claim of the claimants.

The order of the commissioner was dated August 6, 1930, and on August 8, an appeal was duly taken by the claimants to the Rutland county court. The appeal was received and filed by the commissioner on August 11. On August 29, the commissioner prepared the appeal copies and attached thereto his certificate which erroneously certified the appeal to the Supreme Court. These papers were mailed from Montpelier on August

30, and were received by claimants' attorneys on September 1, which was Labor Day. The next morning they were filed with the clerk of the Rutland county court for entry. Owing to the faulty certificate, the clerk did not enter the appeal on his docket on September 2. The commissioner, on September 5, mailed to claimants' attorneys a new certificate, which conformed to the facts. The new certificate bore the same date as the defective one, and upon receipt, it was promptly filed with the clerk, and the appeal, then, was entered and docketed. The delay in filing properly certified copies of the appeal was through no fault or neglect of the claimants or their attorneys. The defendants did not appear in the case before the county court, nor have they appeared in this Court. After evidence had been taken which established the foregoing facts and circumstances respecting the taking and filing of the appeal, the county court ruled that it was without jurisdiction to hear the case, because the appeal was not entered with the clerk within the time required by law, and, of its own motion, it dismissed the appeal. To this ruling the claimants excepted. The only question before us is whether the court erred in dismissing the appeal for want of jurisdiction.

The question is not adequately briefed by claimants; in fact, it is not briefed at all. The brief states merely that claimants seek an early and a final disposition of the case; that the commissioner takes the view that there is "no possible danger in the fact that the certificate of appeal and bond is dated August 29," and that for the purpose of the case, claimants adopt the same view; they conclude that the court erred in its ruling. This is interesting as a statement, but it lacks the essential characteristics and persuasive qualities of an argument. We have repeatedly held that this is insufficient briefing, and that questions which are not supported by argument or citation of authority will not be considered. *Town of Hartland* v. *Damon's Estate*, 103 Vt. 519, 156 Atl. 518, 521; *Dailey* v. *Town of Ludlow*, 102 Vt. 313, 316, 147 Atl. 771; *Manchester Marble Co.* v. *Rutland Ry. Co.*, 100 Vt. 233, 242, 136 Atl. 394, 51 A. L. R. 628; *McAllister* v. *Benjamin*, 96 Vt. 475, 497, 121 Atl. 263; *Bean* v. *Colton*, 99 Vt. 45, 47, 130 Atl. 580; *Paska* v. *Saunders*, 103 Vt. 204, 213, 153 Atl. 514; *In re Robinson's Estate*, 90 Vt. 328, 334, 98 Atl. 826.

· The purpose of a brief is not only to present the questions for review, but also to assist in arriving at a proper conclusion. If we applied the rule strictly in this case, we would affirm the judgment of the lower court without inquiry. But the question presented is so fundamental to the claimants' rights, if any they have, that we may, to avoid an injustice, relax the rigor of the rule and consider it.

■ The provisions of G. L. 1695 apply as to the time for entering and docketing appeals from the orders of the commissioner of industries. G. L. 5807, amended by No. 106 of the Acts of 1923. G. L. 1695 provides: "The appellant shall, on or before twenty-one days from the time of taking an appeal, cause to be entered and docketed with the clerk of the court to which the appeal is taken, certified copies," etc. The copies of this appeal were not filed with the clerk until after the statutory period had elapsed; they remained in the hands of the commissioner during the whole time allowed for their entry and docket, and without the fault or neglect of claimants or their attorneys. They were filed as soon as received.

■ The appeal was duly and seasonably taken. It was taken to the county court, and the certificate was amendable to conform to the facts. *Carruth* v. *Tighe*, 32 Vt. 626, 628. See, also, *Residents of Royalton* v. *Cen. Vt. Ry. Co.*, 100 Vt. 443, 446, 138 Atl. 872. The only defect was failure to enter the appeal within the time allowed by statute. This defect did not affect the jurisdiction of the county court over the subject-matter of the appeal. *Andrew* v. *Buck, Apt.*, 97 Vt. 454, 457, 124 Atl. 74; *Mack* v. *Lewis*, 67 Vt. 383, 385, 31 Atl. 888, 889. The defect could be waived. *Andrew* v. *Buck, supra; Mack* v. *Lewis, supra.* In the latter case, the Court, in considering a like defect, said: "The appeal is not absolutely void, but void until confirmed." This expression when separated from its context may be inapt and misleading. But it appears clearly from what immediately follows in the opinion that what the Court meant was that the defect renders the appeal voidable if taken advantage of by a timely dilatory motion. ˋ

This appeal was valid, at least, until attacked, and the defendants have not appeared in the proceedings to attack it. See G. L. 1696.

There being no jurisdictional defect, it was error for the court to dismiss the appeal on that ground.

*Judgment reversed, and cause remanded.*