IN RE JESSIE CARLETON.

May Term, 1936.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON and SHERBURNE, JJ.

Opinion filed October 6, 1936.

314

*John A. Gordon* for the appellant.

*Wilson, Carver, Davis & Keyser* for the appellee.

SLACK, J.   May 1, 1935, the probate court within and for the probate district of Randolph, acting under the provisions of P. L. 3982, upon a petition of the selectmen of Williamstown, found and adjudged Jessie Carleton to be an insane and dangerous person and liable to be supported by the State, and issued an order for her removal to the Vermont State hospital for the insane at Waterbury, there to be supported by the State.   From such finding, judgment and order said Carleton was allowed an appeal May 18, to the next stated term of Orange county court. May 30, she caused to be filed in the office of the clerk of said court a certified copy of her application for and allowance of appeal with evidence that notice had been given to the adverse party in accordance with the order of the probate court in compliance with P. L. 3986 and 3015, but did not file a certified copy of the record of the proceedings appealed from as therein re-

quired. During the November term of court, to wit, on November 12, appellee filed a motion to dismiss such appeal because of appellant's failure to file the latter document, whereupon she asked leave to file the same then. Her request was denied and appellee's motion was granted, to which rulings she excepted.

■ ■ Appellant's first claim is that appellee did not enter an appearance within the time required by P. L. 3007; that she never received notice from the clerk that an appearance had been entered as required by County Court Rule 5, and that there was nothing to indicate an appearance prior to the filing of the motion to dismiss. The docket for the November term, to which we may refer for this information, *Platt, Admr.* v. *Shields & Conant,* 96 Vt. 257, 264, 119 Atl. 520; *Brown* v. *Vt. Mutual Fire Ins. Co.,* 92 Vt. 272, 102 Atl. 1042, shows that an appearance had been entered before such docket was printed, and the June term was in session several days before the time for entering an appearance expired. If an appearance was entered in open court during that time, the notice required by rule 5 was not necessary, and the contrary not appearing, it will be assumed that an appearance was so entered, since the clerk is presumed to have performed the duties imposed upon him. The exception is without merit.

■ ■ The next question is whether the motion to dismiss was properly granted. It was, if the county court lacked jurisdiction of the subject matter because of appellant's failure to file a certified copy of the record of the proceedings appealed from, since want of jurisdiction over the subject matter, when discovered, necessitates a dismissal, regardless of when or how such fact comes to the court's attention. *Fillmore, Admr.* v. *Morgan, Admx.,* 93 Vt. 491, 108 Atl. 840. Nor could the county court confer jurisdiction upon itself by allowing papers necessary to perfect the appeal to be filed out of time. *Sanders* v. *Pierce,* 68 Vt. 468, 35 Atl. 377. On the other hand, if the omission to file the papers referred to was ground for dilatory action, only, the motion to dismiss was not seasonably filed, county court rule 4; consequently the defect was waived and the motion should have been denied. *Wade* v. *Wade's Admr. et al.,* 81 Vt. 275, 69 Atl. 826; *Andrew* v. *Buck,* 97 Vt. 454, 457, 124 Atl. 74. Among the cases holding that the court lacked jurisdiction because of the defect there complained of are *Cole* v. *Walsh,* 97 Vt. 256, 122 Atl. 664; *Rinfret* v. *Tripp,* 97 Vt. 404, 123 Atl. 430;

*Essex Storage Electric Company, Inc.* v. *Victory Lumber Co.,* 93 Vt. 437, 108 Atl. 426; *Hotel Vermont Co.* v. *Cosgriff,* 89 Vt. 173, 94 Atl. 496; *Small* v. *Haskins,* 29 Vt. 187. But it was held that the defect that appeared in *Dependents of Vlahos* v. *Rutland Restaurant et al.,* 104 Vt. 188, 157 Atl. 832; *Andrew* v. *Buck,* 97 Vt. 454, 124 Atl. 74; *Boright* v. *Williams,* 87 Vt. 245, 88 Atl. 735; *Wade* v. *Wade's Admr., supra; Mack* v. *Lewis,* 67 Vt. 383, 31 Atl. 888, did not affect the court's jurisdiction. Of these, *Essex Storage Electric Company, Inc.* v. *Victory Lumber Co., Dependents of Vlahos* v. *Rutland Restaurant et al., Andrew* v. *Buck,* and *Mack* v. *Lewis* were appeals from an inferior tribunal to the county court. The effect of the holding in each is that if the appeal is seasonably claimed and allowed by the lower tribunal, and notice thereof is given to the adverse party as directed by such tribunal, the appellate court has jurisdiction over the subject matter, and failure seasonably to enter such appeal in that court is a defect that may be, and is, waived unless taken timely advantage of by a proper plea or motion. Other cases where the views and practice of this Court in regard to waiver and correction of irregularities in probate and other cases may be found are *Francis* v. *Lathrope,* 2 Tyler 372; *Brown* v. *Brown,* 66 Vt. 76, 28 Atl. 666; *Whitcomb* v. *Davenport's Est.,* 63 Vt. 656, 22 Atl. 723; *Carruth* v. *Tighe,* 32 Vt. 626; *Lynde* v. *Davenport,* 57 Vt. 597; *Thorp* v. *Thorp's Est.,* 75 Vt. 34, 52 Atl. 1051. Appellee claims that the provision of the statute appellant failed to comply with is mandatory and cites *Dependents of Vlahos* v. *Rutland Restaurant,* 105 Vt. 228, 164 Atl. 377, in support thereof. The court was there speaking of county court rule 7 (par. 1) which relates solely to appeals from the commissioner of industries and expressly provides that appellant shall file in the county court "at the time of docketing" such appeal "a certified copy of the proceedings appealed from together with proof that notice of such appeal has been given to the adverse party." It was not there claimed that appellant filed any of the required papers in county court within the time prescribed, or that the notice of the appeal was in fact given the adverse party. In the circumstances, the appeal was properly dismissed on all the authorities.

In the instant case all statutory requirements were strictly complied with except the one under consideration, and failure to comply with that, alone, did not affect the jurisdiction

of the county court over the subject matter. Since this is so, appellee waived the defect by failing seasonably to interpose the motion to dismiss, and appellant was entitled to have such motion denied as *of right*. *Murphy* v. *Punt*, 107 Vt. 421, 424, 180 Atl. 886; *Wade* v. *Wade's Admr. et al., supra*, at page 280, and cases cited.

██ It is urged by appellee that it was discretionary with the county court whether it would grant or deny the motion to dismiss, and *Rutland & Burlington R. R. Co.* v. *Admr. of Wales*, 24 Vt. 299, is cited as authority for such claim. The facts in that case appear to have called for a dismissal of the appeal for lack of jurisdiction of the county court, since none of the statutory requirements, even notice of the appeal to the adverse party, were complied with for nearly six months after the appeal was taken. But apparently that question was not raised. When, as here, however, the county court has jurisdiction of the subject matter, and the motion to dismiss must be denied *of right* because not seasonably interposed (see *Murphy* v. *Punt, supra; Wade* v. *Wade's Admr. et al., supra*), the disposition of the motion is not a matter of discretion. The motion should have been denied, and it logically follows that such amendment of the record as appellant desired to make should have been allowed.

*Judgment reversed and cause remanded to the county court for further proceedings.*